Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 9, 2018

**2018 CO 24**

**No. 15SC535, People v. Belibi—Sentencing—Restitution.**

The People petitioned for review of the court of appeals' judgment reversing the amended restitution order of the district court, which substantially increased Belibi's restitution obligation after his judgment of conviction. See People v. Belibi, No. 14CA1239 (Colo. App. May 14, 2015). Following the acceptance of Belibi's guilty plea, the imposition of a sentence to probation, including a stipulation to $4,728 restitution, and the entry of judgment, the district court amended its restitution order to require the payment of an additional $302,022 in restitution. The court of appeals held that in the absence of anything in the court's written or oral pronouncements reserving a final determination of the amount of restitution, the initial restitution order had become final and could not be amended.

The supreme court affirms the judgment of the court of appeals because a judgment of conviction, absent a statutorily authorized order reserving a determination of the final amount of restitution due, finalizes any specific amount already set, and therefore the sentencing court lacked the power to increase restitution beyond the previously set amount of $4,728.

**The Supreme Court of the State of Colorado**

2 East 14th Avenue • Denver, Colorado 80203

**2018 CO 24**

**Supreme Court Case No. 15SC535**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Court Case No. 14CA1239

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Franck Armand Belibi.

**Judgment Affirmed**
*en banc*
April 9, 2018

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
John T. Lee, Assistant Attorney General
    *Denver, Colorado*

**Attorneys for Respondent:**
Albani Law, LLC
Peter B. Albani
    *Denver, Colorado*

Law Offices of M. Colin Bresee
M. Colin Bresee
    *Denver, Colorado*

**JUSTICE COATS** delivered the Opinion of the Court.
**JUSTICE GABRIEL** does not participate.

¶1 The People petitioned for review of the court of appeals' judgment reversing the amended restitution order of the district court, which substantially increased Belibi's restitution obligation after his judgment of conviction. See People v. Belibi, No. 14CA1239 (Colo. App. May 14, 2015). Following the acceptance of Belibi's guilty plea, the imposition of a sentence to probation, including a stipulation to $4,728 restitution, and the entry of judgment, the district court amended its restitution order to require the payment of an additional $302,022 in restitution. The court of appeals held that in the absence of anything in the court's written or oral pronouncements reserving a final determination of the amount of restitution, the initial restitution order had become final and could not be amended.

¶2 Because a judgment of conviction, absent a statutorily authorized order reserving a determination of the final amount of restitution due, finalizes any specific amount already set, the sentencing court lacked the power to increase restitution beyond the previously set amount of $4,728. The judgment of the court of appeals is therefore affirmed.

## I.

¶3 Franck Belibi was charged with a number of felony and misdemeanor counts following an incident in which he struck and killed a pedestrian with his car. He ultimately entered into a plea arrangement, in which he agreed to plead guilty to one count of attempt to influence a public servant and to pay $4,728 to the Victim's Compensation Fund to offset payments made for the decedent's burial expenses. The court accepted the defendant's guilty plea and on April 19, 2013, sentenced him to five

years of probation, with a condition of that probation being that he pay $4,728 in restitution to the Victim's Compensation Fund. The court did not enter any other restitution order reserving the possibility that restitution might later be increased.

¶4 Fifty-eight days later, Safeco Insurance Company filed a claim for restitution, asserting that it was obligated by an insurance contract to pay the decedent's mother $300,000 in death benefits and $5,000 in medical and funeral costs, and it was therefore entitled to restitution as a victim of the crime. The district court ruled that Safeco was an additional victim not known to the court at the time the restitution order was set, and it increased the amount of restitution owed by the defendant by $302,022 to cover Safeco's losses. The defendant did not object to the increase at that time, but about five months later he filed a motion for reconsideration pursuant to C.R.C.P. 60, asserting that he had only recently received notice of the amended order. The district court denied his motion on its merits, and he appealed to the court of appeals.

¶5 On appeal, the intermediate appellate court vacated the amended restitution order and directed the district court to reenter its initial order for $4,728, reasoning that the initial order was final where neither the mittimus finalizing the defendant's judgment of conviction nor the court's written or oral pronouncements indicated anything to the contrary. Because the statute includes a provision to the effect that the amount of restitution may not be increased once the final amount of restitution has been set, it found that the district court was barred from issuing its amended restitution order.

¶6 The People petitioned for a writ of certiorari.

3

## II.

¶7　Orders for restitution in criminal prosecutions in this jurisdiction are governed by statute and rule. See §§ 18-1.3-601 to –603, C.R.S. (2017); Crim. P. 32. As we described more fully in Meza v. People, 2018 CO 23, ___ P.3d ___, also reported today by this court, the current statutory scheme permits a criminal court, under certain circumstances, to order a defendant obligated to pay restitution and yet order that the specific amount of restitution be set within ninety-one days, or to order the defendant to pay restitution covering the cost of specific future treatment of any victim, in addition to or in place of ordering a specific amount of restitution at sentencing. See § 18-1.3-603(1)(b), (c); see also Sanoff v. People, 187 P.3d 576, 577–78 (Colo. 2008) (describing the pre-2000 requirement to order an amount of restitution and place it on the mittimus). The current statutory scheme also permits the criminal court to order an increase in restitution, but only for victims or losses not known at the time of sentencing and, even then, only if the "final amount" of restitution has not yet been set by the court. § 18-1.3-603(3).

¶8　In Meza we construed the term "final amount" as applied to orders increasing restitution after judgment of conviction has already entered, finding that upon the entry of a judgment of conviction, which finalizes a criminal conviction for purposes of appeal, without also including one of the orders statutorily reserving a determination of the final amount of restitution for a future proceeding, the criminal court loses any remaining power it may have to order restitution. Meza, ¶ 16, ___ P.3d at ___. With regard to the enumerated "order(s) for restitution" authorized by section 18-1.3-603(1),

the record of the plea and sentencing hearing in this case reveals only an order for the specific amount of $4,728. See § 18-1.3-603(1)(a). In fact, nothing in the record suggests that the providency court intended anything other than to accept the defendant's guilty plea according to the terms of the plea agreement, which included a stipulation to restitution in the amount of $4,728. Nor do the People assert anything to the contrary, arguing instead simply that a specific amount of restitution set by the court does not become the "final amount" within the contemplation of the statute, unless and until the court explicitly orders as much.

¶9     While the People's construction of the term "final amount" may have merit with regard to orders increasing restitution before the defendant's conviction itself becomes final, it cannot be correct with regard to orders purporting to increase restitution thereafter. As we reasoned in Meza, once the criminal court has lost the power to order restitution, it clearly cannot alter a specific amount set while it still maintained the power to do so. Meza, ¶¶ 15–16, ___ P.3d at ___. Therefore, in the absence of statutory authorization to determine the specific amount of restitution notwithstanding a judgment of conviction as defined by Crim. P. 32(b)(3), the "final amount" of restitution contemplated by section 603(3)(a) must refer to an amount of restitution set before the entry of judgment in the criminal prosecution. Id. at ¶ 16, ___ P.3d at ___.

¶10     Because we determine that the criminal court in this case was without the power to increase restitution following judgment of conviction, we find it unnecessary to address the nature of the special statutory proceeding conditionally permitted for a

subsequent setting of the specific amount of restitution for which the defendant will be obligated, or the rules by which it should be governed.

### III.

¶11 Because a judgment of conviction, absent a statutorily authorized order reserving a determination of the final amount of restitution due, finalizes any specific amount already set, the sentencing court lacked the power to increase restitution beyond the previously set amount of $4,728. The judgment of the court of appeals is therefore affirmed.

**JUSTICE GABRIEL** does not participate.