Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 9, 2018

**2018 CO 23**

**No. 15SC518, Meza v. People—Sentencing—Restitution.**

Meza petitioned for review of the judgment of the district court, sitting as the court of direct appellate review pursuant to the simplified procedure for county court convictions, that affirmed the county court's order granting a motion for additional restitution. See People v. Meza, No. 14CV33017 (Denver Dist. Ct. May 15, 2015). The county court ordered the requested additional amount of restitution, finding that the victim had suffered a loss of $936.85 that was not known to the People or the court at sentencing, when restitution was initially, but not finally, set at $150. On appeal, the district court found that the annotation "RR" on the form guilty plea was sufficient to reserve the final amount of restitution and that the record supported the county court's finding of an additional loss not known at sentencing; and it therefore affirmed the increase as having been sanctioned by section 18-1.3-603(3)(a) of the revised statutes.

The supreme court reverses the judgment of the district court and remands the case to the district court with directions to order reinstatement of the $150 restitution order entered prior to judgment of conviction for the reason that because a judgment of conviction, absent a statutorily authorized order reserving a determination of the final

amount of restitution, finalizes any specific amount already set, and because the court

ordered no reservation in this case, the court lacked the power to increase the amount of

restitution it had previously set.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 23

## Supreme Court Case No. 15SC518
*Certiorari to the District Court, City and County of Denver*
District Court, City and County of Denver Case No. 14CV33017

### Petitioner:

Carlos Meza,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Reversed
*en banc*
April 9, 2018

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Kelson Bohnet, Deputy Public Defender
*Denver, Colorado*

**Attorneys for Respondent:**
Beth McCann, District Attorney, Second Judicial District
Katherine A. Hansen, Deputy District Attorney
*Denver, Colorado*

**JUSTICE COATS** delivered the Opinion of the Court.

¶1 Meza petitioned for review of the judgment of the district court, sitting as the court of direct appellate review pursuant to the simplified procedure for county court convictions, that affirmed the county court's order granting a motion for additional restitution. See People v. Meza, No. 14CV33017 (Denver Dist. Ct. May 15, 2015). The county court ordered the requested additional amount of restitution, finding that the victim had suffered a loss of $936.85 that was not known to the People or the court at sentencing, when restitution was initially, but not finally, set at $150. On appeal, the district court found that the annotation "RR" on the form guilty plea was sufficient to reserve the final amount of restitution and that the record supported the county court's finding of an additional loss not known at sentencing; and it therefore affirmed the increase as having been sanctioned by section 18-1.3-603(3)(a) of the revised statutes.

¶2 Because a judgment of conviction, absent a statutorily authorized order reserving a determination of the final amount of restitution, finalizes any specific amount already set, and because the court ordered no reservation in this case, it lacked the power to increase the amount of restitution it had previously set. The judgment of the district court is therefore reversed, and the case is remanded to the district court with directions to order reinstatement of the $150 restitution order entered prior to judgment of conviction.

## I.

¶3 Carlos Meza pled guilty on February 13, 2014, pursuant to a plea agreement, to the Class A Traffic Infraction of "Limitations on backing." Although the defendant was present at the providency hearing, his guilty plea consisted merely of acknowledging

his reading, understanding, and signing a standardized advisement and plea form, which was presented to the court by the prosecutor, along with an unsigned order for restitution in the amount of $150. The court accepted the plea, fined the defendant $100, ordered restitution in the amount of $150, and signed both the completed advisement and plea form and the restitution order.

¶4 On March 11, the People filed a motion for additional restitution, which was opposed by the defendant. Both the People and the defendant made various factual allegations in, and attached various documents to, their pleadings, but at the hearing to determine whether the People's motion for additional restitution was timely, no testimony or other evidence was taken. In addition to legal argument before the trial court, both counsel made a number of further factual allegations concerning the incident, the reasons for the victim's belief that his full damages would be, but were not, paid by the defendant's insurance company, and the plea negotiations.

¶5 Defense counsel relied on the written guilty plea and transcript of the providency hearing, as well as email exchanges between himself and the prosecutor, to assert that both counsel understood the plea agreement to limit restitution to the requested $150; that the sentencing court expressly ordered restitution in the amount of $150; and that nowhere did the sentencing court reserve a determination of restitution until some future proceeding, as would have been permitted by section 18-1.3-603. In reliance on the restitution information form submitted by the victim, defense counsel also argued that despite the victim's request for restitution of only $150, the prosecution was clearly aware that the defendant caused $936.85 in damage to the victim's vehicle,

3

and therefore that amount could not constitute an additional loss unknown to either the prosecutor or the court, one of the conditions required by section 603(3)(a) for any increase in the amount of restitution.

¶6 Although a factual basis had been waived at the providency hearing, the prosecutor alleged that the defendant backed into the victim's vehicle and despite taking the victim's business card and indicating he would call the next day, the defendant left the scene without exchanging information. She also asserted that the defendant had acted in bad faith throughout, deceiving the victim into believing his damages would be covered by the defendant's insurance company, but after entering his plea, directed the insurance company not to pay. With regard to legal argument, the prosecutor asserted that the "Rule 11" itself demonstrated that the defendant stipulated to liability and to reserve restitution, apparently in reference to the handwritten notation, "Limitations on Backing + SL/RR," following the term "Disposition" at the top of the printed advisement and guilty plea form. She further argued, however, that according to the statute, restitution need not be reserved in order for the prosecution to request an increase in restitution, as long as a victim is seeking additional restitution and a request for that additional restitution falls within the ninety-one day period immediately following the initial order of restitution. With regard to the prosecution's awareness of the loss for which it was seeking an increase in restitution, the prosecutor argued that the loss was unknown because the prosecution was "under the assumption" that the defendant's insurance would take care of it, and therefore the People were initially unaware that a request for this amount would be required.

4

¶7 The county court found that both prosecutor and defense counsel believed $150 would be the cap on restitution, but it also considered that fact to be inconsequential. From the notation on the written guilty plea itself, the court found that restitution was in fact reserved, and therefore the request for additional restitution was timely. It also concluded that the amount of the additionally requested restitution was not previously known. The district court affirmed, similarly finding that restitution was reserved on the "Rule 11" itself, which it held allowed restitution to be determined within ninety-one days following the order of conviction. With regard to the prosecution's awareness of the additional loss, the district court held that although the state was undeniably aware of an amount of $936.85 associated with the offense at the time of the plea, it was not then aware that this amount was the victim's actual loss.

¶8 The defendant petitioned this court for a writ of certiorari.

## II.

¶9 Subject to constitutional limitations, it is the prerogative of the legislature to define crimes and prescribe sentences. Sanoff v. People, 187 P.3d 576, 577 (Colo. 2008). The statutes of this jurisdiction had long provided for the payment of restitution as a condition of such alternatives to incarceration as probation and parole, and this court had long construed those statutory provisions broadly to obligate sentencing courts to order the payment and fix the amount of restitution as part of the judgment of conviction, whenever the defendant's criminal conduct had caused pecuniary damages. See People v. Johnson, 780 P.2d 504, 506–07 (Colo. 1989). Until 2000, however, the jurisdiction lacked an integrated scheme providing for the imposition and collection of

5

restitution as the result of criminal convictions. In that year, the General Assembly substantially reorganized the restitution provisions of the revised statutes, adding an entirely new article to the criminal code, entitled "Restitution in Criminal Actions." See ch. 232, sec. 1, §§ 16-18.5-101 to -110, 2000 Colo. Sess. Laws 1030, 1030–41.

¶10 As particularly relevant here, section 16-18.5-103—now codified at section 18-1.3-603, C.R.S. (2017), see ch. 318, sec. 2, §§ 18-1.3-601 to -603, 2002 Colo. Sess. Laws 1365, 1419–22—altered existing law by relieving the sentencing court of its obligation to set the amount of restitution at the time of sentencing and endorse it on the mittimus. See Sanoff, 187 P.3d at 578. Instead, the current statute mandates that every order of conviction for one of the designated classes of offenses includes at least one of four specifically enumerated orders. § 18-1.3-603(1)(a)–(d). Unless the order of conviction contains a specific finding that no victim of the crime suffered a pecuniary loss, and therefore no order for the payment of restitution is being entered, § 18-1.3-603(1)(d), it must contain: (1) an order of a specific amount of restitution, § 18-1.3-603(1)(a); (2) an order that the defendant is obligated to pay restitution but that the specific amount of restitution shall be determined within ninety-one days, or longer for good cause, § 18-1.3-603(1)(b); or (3) an order, in addition to or in place of a specific amount, that the defendant pay restitution covering the actual costs of specific future treatment of any victim, § 18-1.3-603(1)(c).

¶11 While the statutory scheme does not explicitly limit the circumstances under which a sentencing court may postpone until after conviction a final determination of the specific amount of restitution owed by the defendant, by mandating that the court

base its order for restitution on information presented by the prosecuting attorney and mandating that the prosecuting attorney present that information "prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction," see § 18-1.3-603(2), the statute as a whole necessarily implies that such a postponement will be permitted only if the required information is not available before entry of judgment, see § 18-1.3-603; Fierro v. People, 206 P.3d 460, 461 (Colo. 2009) (acknowledging that entire comprehensive statutory scheme should be understood, whenever possible, to give consistent, harmonious, and sensible effect to all its parts). In addition to permitting the postponement of a determination of the specific amount of restitution, at least under these limited circumstances, the statute also provides for an order for restitution to be increased if a later discovery is made of additional victims or additional losses not known to the judge or the prosecutor at the time the order of restitution was entered. § 18-1.3-603(3)(a). Unlike its federal counterpart, however, the statutory scheme in this jurisdiction expressly includes the additional limitation that any such increase is permissible only before the final amount of restitution has been set by the court. See id.; see also 18 U.S.C. § 3664(d)(5) (2016).

¶12    While the statute does not further elaborate on the meaning of "final amount" in this context, or the specific point at which the "final amount" will be considered to have been set, two inferences can be drawn with confidence from the common understanding of the terms themselves and the statutory context in which they appear. First, it is at least clear that a specific amount of restitution set by the court must be final by the point at which the court is no longer empowered to order restitution; and

7

second, the provision of section 603(3)(a) explicitly prohibiting further increases after a final amount has been set, even for unknown victims or losses only discovered later, would have no purpose or meaning whatsoever if the discovery of new victims or losses were sufficient, in and of itself, to empower the court to order an increase in restitution. See Doubleday v. People, 2016 CO 3, ¶ 20, 364 P.3d 193, 196 (requiring avoidance of constructions that render words or phrases superfluous).

¶13 In addition to the mandate of section 603 that every order of conviction include one or more of the enumerated orders or findings, the rules of criminal procedure also specify, in defining a judgment of conviction and delineating the court's duty to advise the defendant of his right to appellate review of that judgment, that a judgment of conviction shall consist not only of a recital of the plea, the verdict or findings, the sentence, and findings of the amount of presentence confinement, costs, and any earned time credit, but also "an order or finding regarding restitution as required by section 18-1.3-603, C.R.S." Crim. P. 32(b)(3)(I). Reasoning that since the enactment of the 2000 statute, a judgment of conviction becomes a final appealable order with the inclusion of any of the four statutorily enumerated orders or findings regarding restitution, we therefore held in Sanoff that the defendant's conviction in that case became a final, appealable judgment on the basis of the court's order that the defendant was liable to pay restitution, even though the specific amount of that restitution would not be set until sometime thereafter. Sanoff, 187 P.3d at 578–79. In Sanoff we further concluded that by permitting a conviction to become final on the basis of an order of liability alone, with the amount of that obligation to be determined only later, the statute necessarily

8

contemplates the possibility of a second proceeding within ninety-one days, or longer for good cause, that would result in a second, final, appealable order. Id. at 578; cf. Dolan v. United States, 560 U.S. 605, 612–13 (2010) (interpreting a corresponding ninety-day provision of federal statute as non-jurisdictional, at least where sentencing court previously makes clear it would order restitution, leaving open only the amount).

¶14    While the statute and rule mandate that one of the enumerated orders or findings be included as a component part of every judgment of conviction, and we have effectively held that any one of the four is sufficient to satisfy the restitution component of a judgment of conviction, rendering it a final judgment for purposes of appeal, the clear language of section 603 permits a judgment of conviction to include more than one such order. See § 18-1.3-603(1) ("Each such order shall include one or more of the following:"). Paragraph (c) expressly indicates that an order requiring the defendant to pay restitution covering the actual costs of specific future treatment of any victim of the crime may be "in addition to or in place of [an order for] a specific amount of restitution." § 18-1.3-603(1)(c). While perhaps less express, paragraph (b), permitting an order that the defendant is obligated to pay restitution but that the specific amount of that restitution is to be determined later, contains nothing actually precluding the court from making findings at sentencing with regard to particular victims or losses of which the prosecution is aware, while reserving until a later date, within ninety-one days, findings with regard to other victims or losses of which the prosecution is not yet aware. See § 18-1.3-603(1)(b).

¶15 The statutory scheme therefore allows for specific amounts of restitution to be determined and ordered at sentencing, without their necessarily representing the "final amount" to be set by the court, giving meaning to the provision of section 603(3)(a) allowing an increase in restitution until the setting of a final amount. However, because an order for a specific amount of restitution pursuant to section 603(1)(a) finalizes the judgment of conviction in question, the power of a criminal court to order further restitution exists, if at all, only as a result of specific statutory authorization. In Sanoff, we found such specific statutory authorization in section 603(1)(b), empowering the sentencing court to order the defendant obligated to pay restitution while reserving a determination of the specific amount of that restitution until after the entry of a final judgment of conviction. Sanoff, 187 P.3d at 578. Similarly, an order pursuant to section 603(1)(c), either in addition to or in place of an order for a specific amount of restitution, to the effect that the defendant must cover the actual costs of specific future treatment clearly contemplates a determination of the final amount of restitution sometime after the judgment of conviction has entered. See § 18-1.3-603(1)(c). In the absence of one of these two orders, however, the statute does not purport to empower the sentencing court to set an amount of restitution following entry of the judgment of conviction in question.

¶16 Read as a whole, in consideration of the statutory scheme's interlocking provisions, the statute therefore provides substantial guidance concerning the meaning intended by its use of the term "final amount." See Pham v. State Farm, 2013 CO 17, ¶ 13, 296 P.3d 1038, 1043 (finding that complexity requiring careful parsing of language

does not necessarily render statute ambiguous). Whether or not a specific amount of restitution set at the sentencing hearing could become the "final amount" for purposes of barring a subsequent modification at some point <u>before</u> entry of the judgment of conviction, as the result of a more specific order of the court or stipulation of the parties, it is at least clear that an order for a specific amount that has become a component part of a judgment of conviction, without any accompanying statutorily sanctioned reservation for further determination of a final amount of restitution, necessarily becomes the "final amount" set by the court.

## III.

¶17 The People do not defend on the grounds that the sentencing court reserved a final determination of restitution until after judgment of conviction, much less that it did so as prescribed by statute, but rather that the parties stipulated to a reservation of restitution and that, regardless of any reservation, the prosecution was statutorily entitled to ninety-one days within which to discover additional victims or losses before an order for a specific amount of restitution would become final. As to the former rationale, in addition to being disputed by the defendant, even if a stipulation of the parties alone could empower the court to increase restitution after judgment had entered, it was the factual finding of the county court that both prosecutor and defense counsel understood their stipulation as capping restitution at $150, the amount actually requested by the victim. As to the latter, the statutory scheme simply offers no support for either the proposition that the prosecution is always entitled to ninety-one days after the court's order of restitution to compile restitution information or the proposition that

11

a specific amount of restitution set by the sentencing court does not become final until the prosecution's compilation of restitution information is complete.

¶18 The prosecution apparently relies on the provision in section 603(2), which allows it to present the information upon which the court's restitution order is to be based anytime prior to the order of conviction or, if unavailable at that time, within ninety-one days. See § 18-1.3-603(2). This provision, however, merely specifies the time within which the prosecution must satisfy its obligation to provide restitution information to the court. It is the court which is statutorily empowered to finalize a judgment of conviction by finding no injury, by ordering a specific amount of restitution, or by ordering a postponement of the determination of the amount of restitution for ninety-one days or until the actual costs of specific future treatment become known. See § 18-1.3-603(1).

¶19 The record in this case indicates that the sentencing court accepted the defendant's guilty plea pursuant to the plea agreement of the parties, including their stipulation to an obligation to pay the victim $150 in restitution. Nothing in the record remotely suggests that the court intended, or even understood, any more than the parties themselves, the shorthand notation "RR" to leave open the question of restitution until after judgment entered, much less that it entered any order statutorily authorizing such a reservation. That being the case, we need not consider what effect an order leaving open a final determination of restitution, even if entered in compliance with statutory requirements, might have on a plea agreement including concessions regarding restitution. Similarly, we need not consider the prosecutor's obligation in

12

non-felony cases to determine whether compensation is available to victims through insurance, see § 18-1.3-603(8)(a) (allowing restitution only for losses for which the victim "cannot be compensated" by insurance), or address the question whether a mistaken assumption about insurance coverage can amount to an unknown loss.

## IV.

¶20 Because a judgment of conviction, absent a statutorily authorized order reserving a determination of the final amount of restitution, finalizes any specific amount already set, and because the court ordered no such reservation in this case, it lacked the power to increase the amount of restitution it had previously set. The judgment of the district court is therefore reversed, and the case is remanded to the district court with directions to order reinstatement of the $150 restitution order entered prior to judgment of conviction.