21CA0881 Peo v Kinard 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0881 Mesa County District Court No. 19CR1822 Honorable Richard T. Gurley, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Kevin Kinard, Defendant-Appellant. ORDER AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE JOHNSON Schutz, J., concurs J. Jones, J., concurs in part and dissents in part NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Casey J. Mulligan, Alternate Defense Counsel, Boulder, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Kevin Kinard (Kinard), appeals the restitution component of his sentence. He contends that the district court erred by (1) failing to reject the prosecutor’s untimely request for restitution and (2) awarding restitution based on the minimum monetary range associated with the offense to which he pled guilty in his plea agreement. ¶ 2 We conclude that the prosecutor’s failure to comply with section 18-1.3-603(2)(a), C.R.S. 2023, did not deprive the court of the authority to act and that under the circumstances presented, the prosecutor’s failure does not require that we vacate the award. And while we conclude that there was sufficient evidence to support the finding that Kinard stole items from the victim, the court’s findings as to the corresponding values of the items comprising the $100,000 restitution award are insufficient for appellate review. Therefore, we remand the case to the district court so it can detail and clarify its findings in that regard. I. Background ¶ 3 Kinard and two other people burglarized the victim’s shop. The victim claimed that approximately $60,000 in cash, more than $50,000 in jewelry, and several firearms of varying values had been 
2 stolen. The victim’s safe, valued at $3,400, was also destroyed. And the victim’s shop flooded when Kinard and the others plugged a sink and turned on the water, resulting in approximately $7,000 in repair expenses. ¶ 4 Kinard was arrested and pled guilty to burglary, theft, and possession of a weapon by a previous offender and agreed to sentencing enhancers as a habitual criminal. On February 21, 2021, the district court sentenced Kinard to thirty-six years in the custody of the Department of Corrections but held open the amount of restitution to be determined later. As part of the plea agreement, Kinard agreed to “waive[] the right to challenge or appeal any and all matters related to this case except those having to do with either a violation of [the plea] agreement or the imposition of an illegal sentence.” After an evidentiary hearing, the court imposed restitution of $100,000. II. The District Court’s Authority to Order Restitution ¶ 5 Kinard contends his restitution order should be vacated as untimely because section 18-1.3-603(2)(a) requires the prosecutor to provide the restitution documentation to the court at the time of 
3 sentencing when, as in this case, the prosecutor possessed the information at that time. ¶ 6 The Attorney General does not dispute that the prosecutor’s file contained the supporting documentation at the time of sentencing or that the prosecutor failed to provide it to the court before sentencing. Thus, the Attorney General concedes error. We agree, but we conclude that this failure was procedural and did not deprive the court of authority to impose restitution. We also conclude that the error was harmless. A. Standard of Review ¶ 7 Whether the district court complied with the restitution statute involves statutory interpretation, which is a question of law that we review de novo. People v. Weeks, 2021 CO 75, ¶ 24. B. Prosecution Information ¶ 8 Kinard contends that the district court lacked authority to impose restitution because the prosecutor did not comply with section 18-1.3-603(2)(a). That provision states, “[t]he court shall base its order for restitution upon information presented to the court by the prosecuting attorney, who shall compile such information through victim impact statements or other means to 
4 determine the amount of restitution and the identities of the victims.” Id. Relevant to this appeal, the provision continues, “the prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction.” Id. (emphasis added). ¶ 9 We reject Kinard’s argument that the court necessarily imposes an illegal sentence if the prosecution fails to comply with section 18-1.3-603(2)(a). ¶ 10 Recently, a division of this court in People v. Brassill, 2024 COA 19, analyzed portions of section 18-1.3-603(2)(a). There, a prosecutor did not present to the court any information about restitution at the sentencing hearing. Brassill, ¶ 4. On appeal, the Attorney General argued that the prosecutor had “no obligation” to ascertain the amount of restitution before sentencing. Id. at ¶ 27. The division disagreed, concluding that “the restitution statute requires the prosecution to exercise reasonable diligence to determine the amount of restitution and present it to the court at or before the sentencing hearing.” Id. at ¶ 30. It further reasoned that “it would be contradictory for the legislature to impose this affirmative obligation without a corresponding expectation that the 
5 prosecution act with reasonable diligence to fulfill it.” Id.; see also Weeks, ¶ 44, n.14 (“We reiterate that, by the time of the sentencing hearing, the prosecution should know whether it is seeking restitution, even if the information related to the proposed amount isn’t yet available.”). ¶ 11 Although the Brassill division determined that the prosecutor had not exercised reasonable diligence to obtain the restitution information before sentencing, it also concluded that the court’s failure to recognize that violation was harmless. Brassill, ¶¶ 45, 56-
62. It reasoned that the restitution order was entered within the ninetieth day, so the case was distinguishable from Weeks, and that the defendant had not alleged any prejudice, such as witnesses’ faded memories or loss of evidence. Id. at ¶¶ 56-57. Therefore, the restitution order was affirmed. ¶ 12 Similarly, in People v. Babcock, 2023 COA 49, ¶¶ 7-11 (cert. granted Apr. 8, 2024), a division of this court addressed whether the ninety-one-day deadline in the restitution statute was jurisdictional. If so, a defendant could raise a challenge to a restitution order at any time. Id. In rejecting this argument, Babcock concluded that Weeks’ use of the word “authority” does not 
6 equate to “jurisdiction.” Id. at ¶ 10. Instead, the division relied on People v. Turecek, 2012 COA 59, ¶ 20, overruled in part by Weeks, 2021 CO 75, which said, “To say that a court lacks authority to order belated restitution does not use ‘authority’ in a jurisdictional sense, but only in the same sense in which a court lacks ‘authority’ to impose a sentence above the statutory maximum.” Id. at ¶ 20 (quoting Dolan v. United States, 560 U.S. 605, 626 (2010) (Roberts, C.J., dissenting)). ¶ 13 We find Babcock and Brassill persuasive. We therefore hold that a court does not lose jurisdiction or authority to impose restitution when the prosecution fails to comply with section 18-
1.3-603(2)(a). Our conclusion in this regard is supported by at least three other reasons. ¶ 14 First, when a court acquires jurisdiction over a matter, generally, “a later failure to follow statutory requirements does not divest the court of subject matter jurisdiction. Such a failure to follow the statute would amount to an erroneous decision not affecting jurisdiction.” People in Interest of N.D.V., 224 P.3d 410, 414 (Colo. App. 2009) (quoting People in Interest of Clinton, 762 P.2d 1381, 1386 (Colo. 1988)). 
7 ¶ 15 Second, holding that the court lacks authority would be contrary to Sanoff v. People, 187 P.3d 576 (Colo. 2008). There, the supreme court interpreted section 18-1.3-603(1)(b) to mean that, “by specifying that an order of conviction need only include a determination whether the defendant is obligated to pay restitution, without designation of the amount, the General Assembly has made clear its intent that the amount of the defendant’s liability no longer be a required component of a final judgment of conviction.” Sanoff, 187 P.3d at 578 (emphasis added). ¶ 16 We acknowledge that the district court in this case held open restitution for ninety-one days, which Weeks said is contrary to the statute. Section 18-1.3-603(1)(b) only authorizes a court to defer determination of the amount of restitution; it does not “authorize the court to address the issue of restitution in a judgment of conviction by entering an order deferring that issue in its entirety.” Weeks, ¶ 30. But this case is not like Weeks. ¶ 17 The district court in Weeks had not considered whether the defendant might be liable for restitution, whereas in this case, there was extensive discussion about potential restitution liability: the prosecutor even provided a verbal estimate to the court. In 
8 addition, the court acknowledged that the plea agreement contained a stipulation for Kinard to pay restitution, recognized its obligation to resolve restitution within ninety-one days, and set the restitution hearing so that the amount of restitution could be resolved within ninety-one days. In other words, the court entered a judgment of conviction and it “considered” restitution by determining that Kinard would be liable for restitution, with the amount to be determined later. Thus, Kinard’s judgment of conviction complies with section 18-1.3-603(1)(b).
1 ¶ 18 Finally, Kinard’s reliance on Meza v. People, 2018 CO 23, is misplaced. In that case, the district court had entered a judgment of conviction with a restitution amount imposed but later sought to amend the order by increasing the amount of restitution. The supreme court held that the court’s action was improper. Meza 1 We note that the mittimus in this case does not comply with People v. Weeks, 2021 CO 75, ¶ 44, as it does not reflect that restitution was ordered but that the specific amount would be determined at a later date. The substance of the parties’ discussions at the sentencing hearing, however, is not accurately reflected on the mittimus. Therefore, on remand, the district court should amend the mittimus to reflect that restitution liability was considered. See People v. Wood, 2019 CO 7, ¶¶ 4-5 (authorizing amendment to mittimus under Crim. P. 36 when sentencing hearing and mittimus do not reflect the same information). 
9 reasoned that postponing a determination of the restitution amount “will be permitted only if the required information is not available before entry of judgment.” Id. at ¶ 11; see also § 18-1.3-603(2)(a). ¶ 19 Kinard argues that this language suggests a jurisdictional bar. We disagree. ¶ 20 In Meza, the supreme court also said that, even though the prosecutor must provide the restitution information within a specified period of time, [i]t is the court which is statutorily empowered to finalize a judgment of conviction by finding no injury, by ordering a specific amount of restitution, or by ordering a postponement of the determination of the amount of restitution for ninety-one days or until the actual costs of specific future treatment become known. Meza, ¶ 18. ¶ 21 We read Meza to say that a prosecutor cannot later seek additional restitution once a final restitution order is imposed. But here, an amount of restitution had not yet been imposed when the court entered its restitution order. Therefore, Meza is inapposite. ¶ 22 Because the prosecutor violated section 18-1.3-603(2)(a), and the court-imposed restitution anyway, error occurred. But we conclude the error is procedural and did not deprive the district 
10 court of the authority to act on restitution. For an error of this type, we must decide whether the error was harmless. See Brassill, ¶ 56 (“[A]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.” (quoting Crim. P. 52(a))). C. Harmless Error ¶ 23 We conclude for three reasons that the error was harmless. ¶ 24 First, Kinard presents no argument that he was prejudiced by virtue of the prosecution’s late filing. And we observe that defense counsel was aware of the amount of restitution that the People were seeking before the sentencing hearing and at the sentencing hearing. The parties had discussed setting a restitution hearing because Kinard contested some of the amounts. ¶ 25 Second, the restitution proceedings were completed within the ninety-one-day timeframe set by section 18-1.3-603(1)(b). In other words, this is not a situation akin to Weeks. ¶ 26 The prosecution provided the restitution information to the court ten days after the judgment of conviction was entered on March 5, 2021, and asked for additional time due to extenuating circumstances on March 17, 2021, given the mistaken format of the 
11 information. The restitution hearing was scheduled on May 13, 2021, before the ninety-first day after Kinard’s sentencing, as required by section 18-1.3-603(1)(b).
2 And the court’s order imposing restitution was issued just four days after the restitution hearing on May 17, 2022, eighty-five days after the entry of the judgment of conviction. ¶ 27 Finally, denying the victim restitution based on this record would be patently unfair, as the prosecutor provided the proposed restitution amount to the defendant in an email well in advance of the sentencing hearing. ¶ 28 Because we conclude that the error was harmless, we turn to Kinard’s challenges to the restitution amount. III. Restitution Award ¶ 29 Kinard contends that the court erred by awarding $100,000 in restitution because (1) the amount of claimed restitution was not supported by corroborating evidence, and (2) his guilty plea did not amount to an admission that the victim’s stolen property had a 2 The restitution hearing was originally scheduled for May 10, 2021. The later May 13, 2021 date was eighty-one days after Kinard’s sentencing date. 
12 value of at least $100,000. We disagree with Kinard on his first contention, but we agree with him that his admission was not sufficient evidence of the amount. As to the second issue, we remand the restitution order to the district court so that it can make findings of fact sufficient for appellate review. A. Additional Facts ¶ 30 At the restitution hearing, the prosecution requested $162,300 in restitution. The only witness to testify was the victim, who estimated the values of items Kinard had stolen or damaged: cash and property in his safe (e.g., firearms and jewelry); damage to the safe itself; and property damage to the premises. The court issued a written restitution order following the hearing. ¶ 31 In the order, the district court voiced concerns regarding the lack of corroborating evidence establishing the restitution amount, noting that there was “nothing preventing [a victim] from alleging any amount of cash being taken” without corroboration. The court, however, relied on language from the plea agreement and Kinard’s plea to theft in an amount between $100,000 and $1,000,000 as the corroborating evidence to determine the restitution amount, stating, “[A] plea of guilty constitutes a judicial admission of the 
13 offense and to its elements.” It concluded that “since the defendant admitted to taking at least $100,000 in the theft, the court is ordering that [Kinard] pay restitution in the amount of $100,000 to the victim.” B. Standard of Review and Applicable Law ¶ 32 Both parties agree that Kinard challenges the sufficiency of the evidence. We agree but provide an explanation for employing the following standard of review for a sufficiency claim considering the supreme court’s recent opinion in Martinez v. People, 2024 CO 6M. ¶ 33 “[T]he prosecution bears the burden of proving by a preponderance of the evidence not only the victim’s losses, but also that the victim’s losses were proximately caused by the defendant’s criminal conduct.” People v. Dyson, 2021 COA 57, ¶ 12 (quoting People v. Martinez-Chavez, 2020 COA 39, ¶ 14). “Proximate cause in the context of restitution is defined as a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained.” Id. at ¶ 13. ¶ 34 Historically, some divisions of this court reviewed de novo a district court’s conclusion that a defendant’s conduct proximately 
14 caused the victim’s losses because they reasoned that they were reviewing whether the prosecution had met its burden of proof by a preponderance of the evidence. Martinez, ¶ 22, n.2. But there is a difference between a defendant’s challenge to a restitution award based on sufficiency of the evidence and a defendant’s challenge to a district court’s finding of proximate cause. ¶ 35 Sufficiency of the evidence is “concerned [with] the quantum of evidence (i.e., was there proof by a preponderance of the evidence[)]” that the defendant caused the victim’s injuries or losses. Id. at ¶ 22; see also People v. Barbre, 2018 COA 123, ¶ 25 (a defendant’s challenge to whether the prosecution proved by a preponderance of the evidence the amount of the claimed losses is a challenge to the sufficiency of the evidence; it does not turn on the court’s interpretation of the evidence); Babcock, ¶¶ 17-18, 30-31. ¶ 36 Both of Kinard’s challenges to his restitution award concern the prosecution’s failure to present the quantum of evidence necessary to prove by a preponderance of the evidence the victim’s losses, not whether the prosecution proved that Kinard’s actions were the proximate cause of the victim’s injury. 
15 ¶ 37 Under a sufficiency of the evidence challenge, we must determine “whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss.” Barbre, ¶ 25. We must “draw every inference fairly deducible from the evidence in favor of the [district] court’s decision,” and “[w]e will not disturb a district court’s findings and conclusions if the record supports them, even though reasonable people might arrive at different conclusions based on the same facts.” Dyson, ¶ 15 (quoting People in Interest of S.G.L., 214 P.3d 580, 583 (Colo. App. 2009)). C. Analysis ¶ 38 Some of the court’s findings render its restitution award unclear. The court was concerned with a lack of corroborating evidence presented by the victim, noting a lack of receipts or photographs or testimony from others who might have had knowledge about the stolen items. Therefore, the court said it was “hesitant to attribute the values [testified to by the victim] to the property in this case.” But elsewhere in the order, the court also said it “does not dispute that several items were taken in the 
16 burglary/theft.” Based on Kinard’s guilty plea to theft between $100,000 and $1,000,000, the court imposed $100,000 in restitution. 1. Sufficient Evidence of Stolen Items ¶ 39 We disagree with Kinard that the prosecution did not prove by a preponderance of evidence that he stole items from the victim’s safe. The victim testified at the restitution hearing about items stolen from his safe. There was no contrary evidence, and the victim’s testimony was sufficient. Cf. Barbre, ¶ 40 (rejecting the defendant’s reliance on federal precedent requiring corroborating evidence to support restitution when Colorado cases hold that a victim’s impact statement may be sufficient); People v. Ortiz, 2016 COA 58, ¶ 28 (noting that although a victim’s impact statement is considered hearsay, a district court may rely solely on it to award restitution). Some of the victim’s testimony was specific about the items stolen. The victim identified the types of firearms stolen; described the Rolex watch; and described the way the cash was bundled (in wrapped stacks of $10,000 in a Ziploc bag), representing twenty-five to thirty years’ worth of the victim’s savings. Although it may have been better practice for the 
17 prosecutor to marshal corroborating evidence to support the restitution request, we cannot say that the victim’s testimony was insufficient to prove that Kinard had stolen items from the victim. See Dyson, ¶ 15. 2. Restitution Amount ¶ 40 Because the court ordered a blanket restitution amount of $100,000 without identifying what items (and their corresponding values) contributed to that figure, we conclude that the district court’s findings are insufficient for appellate review. See Cronk v. Bowers, 2023 COA 68M, ¶ 33 (“Of course, the court ‘must make sufficient findings to permit meaningful appellate review.’” (quoting Carruthers v. Carrier Access Corp., 251 P.3d 1199, 1211 (Colo. App. 2010))). We also conclude that relying on the minimum range of an offense does not support the restitution award. A court must make findings so that we can determine whether the items stolen, and their corresponding values, align with and are supported by the evidence presented at the restitution hearing. ¶ 41 We acknowledge that, as part of his plea agreement, Kinard pled guilty to theft, a class 3 felony, when the “the value of the thing involved is one hundred thousand dollars or more but less than one 
18 million dollars.” § 18-4-401(2)(i), C.R.S. 2023. The result of this guilty plea means that he admitted to the monetary range as an element of the offense. See Juhl v. People, 172 P.3d 896, 900 (Colo. 2007) (“A guilty plea acts as a conviction and has the same effect as a verdict rendered by a jury.” (quoting People v. Gallegos, 950 P.2d 629, 632 (Colo. App. 1997))); People v. Flagg, 18 P.3d 792, 794 (Colo. App. 2000) (“A plea of guilty is the equivalent of admitting all material facts alleged in the charge.” (quoting United States v. Powell, 159 F.3d 500, 503 (10th Cir. 1998))). ¶ 42 But because the district court had concerns over the lack of corroborating evidence to support the monetary amounts of the items and cash Kinard had stolen, it imposed a restitution amount based on the monetary minimum of the offense of $100,000. The dissent suggests that the district court’s conclusion is permissible because Kinard admitted to stealing at least $100,000 worth of items and cash from the victim. ¶ 43 But if this were simply the case, then there would be no need for the court to hold a restitution hearing. The prosecution must still prove that the “victim’s losses were proximately caused by the defendant’s criminal conduct.” Dyson, ¶ 12 (quoting Martinez-
19 Chavez, ¶ 14). In other words, Kinard’s conduct caused the claimed injury as to both the theft of items (which we conclude above is proved) and the amount. See id. Regardless of whether Kinard admitted to conduct that caused the victim to suffer a minimum amount of monetary damage of $100,000, the court’s findings must still be consistent to support its ruling. Here, the court’s reasoning is inconsistent. ¶ 44 For instance, the victim testified that he had $60,000 cash in the safe and a Rolex watch with a diamond bezel and diamond wristband valued at $50,000. Did the court accept the total value for the cash and property? If so, the court could not award $100,000 as those two categories of property alone added up to $110,000. Because the court found that Kinard stole items during the burglary, the court must make findings as to which items were stolen from the victim and assign values for every stolen item. ¶ 45 We acknowledge that the court already identified this to be problematic based on the lack of corroborating evidence from the victim. But it is the function of the district court to make credibility findings and to weigh the evidence. Carousel Farms Metro. Dist. v. Woodcrest Homes, Inc., 2019 CO 51, ¶ 19 (“Because appellate 
20 courts don’t make findings of fact, trial judges are the only ones who have the ‘unparalleled opportunity to determine the credibility of the witnesses and the weight to be afforded the evidence.’” (quoting M.D.C./Wood, Inc. v. Mortimer, 866 P.2d 1380, 1384 (Colo. 1994))). ¶ 46 Therefore, because the court’s current findings are insufficient and, in some instances, inconsistent, we vacate the restitution order and remand the case to the district court to make findings consistent with this opinion.
3 Either party may exercise their appellate rights with respect to any future restitution order. IV. Conclusion ¶ 47 The order is affirmed in part, reversed in part, and the case is remanded to the district court to conduct further proceedings consistent with the opinion. JUDGE SCHUTZ concurs. JUDGE J. JONES concurs in part and dissents in part. 3 We decline to impose the restitution figure proffered by the Attorney General because that would require us to engage in factfinding, which, as an appellate court, is not our function. 
21 JUDGE J. JONES, concurring in part and dissenting in part ¶ 48 I concur in the majority’s conclusion that the district court didn’t lose authority to impose restitution merely because the prosecution may have failed to comply with section 18-1.3-
603(2)(a), C.R.S. 2023. I also concur in the majority’s conclusion that there was sufficient evidence that Kinard stole various items from the victim. But I disagree with the majority’s decision to remand the case to the district court for further findings on the amount of restitution and therefore respectfully dissent on that point. ¶ 49 The district court imposed restitution of $100,000 — the minimum that Kinard, by virtue of his guilty plea, admitted stealing from the victim. Kinard pleaded guilty to count two, which charged him with theft of “cash, firearms, jewelry, and other items listed in discovery . . . with the value of one hundred thousand dollars or more but less than one million dollars[,] in violation of” sections 18-
4-401(1), (2)(i), and (6), C.R.S. 2023. By so doing, Kinard (1) admitted to every element of the offense — including that the total value of any items stolen was at least $100,000, see Neuhaus v. People, 2012 CO 65, ¶ 8; People v. Rockwell, 125 P.3d 410, 421 
22 (Colo. 2005); and (2) admitted the material facts alleged in the charge — including that the value of the specified stolen items was at least $100,000, see People v. Zuniga, 80 P.3d 965, 970 (Colo. App. 2003) (a guilty plea waives the right to contest such facts); People v. Flagg, 18 P.3d 792, 794 (Colo. App. 2000). ¶ 50 I don’t see any reason why these admissions can’t — on their own — support an award of restitution of the statutory bottom of the range. When a defendant pleads guilty to an offense, he relieves the prosecution of its burden to prove the statutory elements or the material facts charged. In my view, there is no reason that shouldn’t carry over to restitution. ¶ 51 Of course, when the prosecution in a case like this seeks restitution above the bottom of the statutory range — as the prosecution did in this case — a hearing will be necessary if the defendant challenges the amount sought above the statutory minimum. Such a hearing was held in this case, but the court awarded only the statutory minimum. Given the binding and conclusive nature of Kinard’s admissions, there is no need for factual findings (or additional evidence) supporting the amount imposed. (In any event, I would conclude that Kinard’s admissions, 
23 combined with the victim’s testimony, was sufficient to support an award of $100,000.)