23CA1325 Peo v Ramirez 12-05-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1325
Arapahoe County District Court No. 22CR567
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Eder Ramirez,

Defendant-Appellant.

ORDER VACATED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 5, 2024

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Zack Tennant, Senior Deputy
State Public Defender, Centennial, Colorado, for Defendant-Appellant

¶ 1     Defendant, Eder Ramirez, appeals the district court's July 13, 2023, restitution order.  We vacate the order.

## I.     Background

¶ 2     On February 28, 2023, Ramirez pleaded guilty to menacing. As part of the plea agreement, Ramirez admitted liability, stipulated to causation, and agreed to pay restitution for all pecuniary losses suffered by all victims for all charged counts.  The plea agreement provided that Ramirez stipulated to pay restitution in the preliminary amount of $5,866.  The plea agreement also provided that "[p]ursuant to . . . [section]18-1.3-603(l)(b), [C.R.S. 2024,] defendant waives objection to the final amount of restitution being determined within 91 days following the order of conviction."

¶ 3     On March 17, 2023, when the district court accepted the plea, it said, "[t]he Court will order restitution in the amount of $5,866, that is a preliminary amount.  And that there's no objection then to a final amount of restitution being determined within 91 days from today's date.  The People would have 45 days to file.  Defense would have 15 days for any objection."

¶ 4     On May 13, 2023, Ramirez filed a pro se motion requesting that the district court remove the $5,866 in restitution and other

1

fees, arguing that the restitution and fees were not related to the offense of menacing. The district court denied the motion, stating that Ramirez entered into a plea agreement in which he agreed to pay the amount of restitution ordered.

¶ 5    On May 26, 2023, the prosecutor filed an amended motion seeking $6,766 in restitution and stated that he believed additional restitution was forthcoming but did not have the specific information regarding the amount but that the final amount shall be determined within ninety-one days, citing section 18-1.3-603(1)(b). The prosecutor's motion also requested an order that Ramirez was obligated to pay restitution covering the actual costs of specific future treatment of the victim, relying on section 18-1.3-603(1)(c). On June 7, 2023, Ramirez objected to the additional amount and the costs of future treatment and requested that the court order discovery regarding the source of the additional $900. On June 13, 2023, the prosecution objected, and the court ordered the parties to contact the clerk to set a status conference to discuss restitution.

¶ 6    On July 10, 2023, at the status conference, with respect to the additional $900 requested, the district court ordered the

2

prosecution to provide the court with the dates that the treatment took place so the court could determine if it constituted future treatment. Ramirez objected pursuant to *People v. Weeks*, 2021 CO 75, contending that the ninety-one-day deadline had expired without the court finding good cause to extend the deadline. The court replied that if the dates were for future treatment, then it would fall under a different subsection of the restitution statute than *Weeks* addressed and would allow for entry of restitution beyond ninety-one days. The prosecution then filed a list of dates, which were all before March 2023.

¶ 7     On July 13, 2023 — 118 days after the district court accepted the plea — the court granted the People's amended motion for restitution, ordering Ramirez to pay $6,766 and ruling that Ramirez would be "obligated to pay restitution covering the actual costs of specific future treatment of the victim(s) as described in the motion for restitution, which are recoverable pursuant to . . . [section] 18-1.3-603(1)(c)."

¶ 8     This appeal followed.

## II. Analysis

¶ 9 Ramirez does not contest the original stipulated amount of restitution that the court ordered at the sentencing hearing. Rather, he contends that, because more than ninety-one days had passed since sentencing and the court had not made a timely good cause finding to extend that deadline, the district court lacked authority to enter the July 13, 2023, restitution order. We agree.

### A. Standard of Review and Applicable Law

¶ 10 We review questions of statutory construction de novo. *Weeks*, ¶ 24. We also interpret plea agreements de novo, looking to the plain language and resolving any ambiguity in favor of the defendant. *See People v. Roddy*, 2021 CO 74, ¶ 24. And we review de novo whether a claim is waived. *People v. Garcia*, 2024 CO 41M, ¶ 29.

¶ 11 When sentencing a defendant following a conviction, the district court must address restitution. § 18-1.3-603(1). One permissible method of doing so is to order that the defendant is obligated to pay restitution but defer determination of the final amount of restitution. § 18-1.3-603(1)(b). Where, as here, the court enters a subsection (1)(b) order preliminarily requiring a

partial amount of restitution but deferring the final amount of restitution, "the court must determine the final amount of restitution within ninety-one days of the judgment of conviction or within whatever expanded time period the court has established upon a finding of good cause." *Weeks*, ¶ 36. When the district court takes this approach, the court must determine the final amount of restitution within ninety-one days unless it finds good cause to extend that deadline. § 18-1.3-603(1)(b). Generally, absent a good cause finding, the court loses its authority to order restitution if it does not do so by the deadline. *Weeks*, ¶¶ 7, 45.

### B. Plea Agreement Language

¶ 12    The People do not dispute that the July 13, 2023, restitution order was entered more than ninety-one days after the order of conviction without the district court making an express and timely finding of good cause for extending that deadline. But they contend that, in the plea agreement, Ramirez waived any right to object to the court's tardiness. We disagree.

¶ 13    The plea agreement provided that "[p]ursuant to . . .[section] 18-1.3-603(l)(b), defendant waives objection to the final amount of restitution being determined *within* 91 days following the

5

order of conviction." (Emphasis added.) Had the prosecution intended Ramirez to waive any objection to the amount of restitution being determined beyond the ninety-one-day period, it would not have used the word "within" but would have instead used a word such as beyond or outside. Indeed, section 18-1.3-603(l)(b) provides that "the specific amount of restitution shall be determined *within* the ninety-one days immediately following the order of conviction" — almost identical language to the plea agreement. (Emphasis added.) And this subsection has been interpreted as imposing a deadline on the court, specifically not permitting the court to act outside the ninety-one days absent an express finding of good cause. *See Weeks*, ¶ 4 (noting that subsection (1)(b) contains the court's deadline). We see no reason to interpret the plea agreement language differently.

¶ 14　　Nor are we persuaded by the People's argument that the second part of the sentence in the plea agreement would be rendered superfluous if it did not constitute a waiver of the deadline. The first part of the sentence provided that, pursuant to section 18-1.3-603(l)(b), Ramirez stipulated to a preliminary amount of restitution. And the second part of the sentence

provided that he would not object to the final amount being determined within ninety-one days.  This aligns with the restitution statute and how it has been interpreted.  *See Meza v. People*, 2018 CO 23, ¶ 14 (holding that nothing in the restitution statute precludes a court from "making findings at sentencing with regard to particular victims or losses of which the prosecution is aware, while reserving until a later date, within ninety-one days, findings with regard to other victims or losses of which the prosecution is not yet aware"); *see also Weeks*, ¶ 36 ("By way of example, subsection (3)(a) may apply in a situation in which the court has entered a subsection (1)(b) order preliminarily requiring a partial amount of restitution but deferring the final amount of restitution."); *Sanoff v. People*, 187 P.3d 576, 578 (Colo. 2008) (concluding that the restitution statute contemplates the possibility of a second proceeding within ninety-one days, or longer for good cause, which would result in a second, final, appealable order).

¶ 15     The People also contend that interpreting the plea agreement as waiving the deadline would harmonize it with the earlier provision in the plea agreement that Ramirez agreed to pay restitution for all pecuniary losses suffered by all victims for all

charged counts. And that allowing Ramirez to "dodge his obligation to pay restitution based on a technicality, like the final amount being determined beyond 91 days of sentencing, undermines his bargained-for exchange." But our interpretation of the plea agreement does not relieve Ramirez of his obligation to pay restitution for the stipulated amount or any additional amount so long as the prosecution and court comply with the restitution statute. Nor does it undermine the bargained-for exchange. Rather than being required to present a firm restitution amount at the time of sentencing, the prosecution got more time to request additional restitution, provided a final amount was entered with ninety-one days.

¶ 16 Finally, the People argue that interpreting the plea agreement as waiving the deadline does not yield an absurd or illegal result. But the plain language of the agreement does not yield an absurd or illegal result. We see nothing absurd in the parties' agreement that the prosecution would have ninety-one days — but no more — to finalize its request for restitution. Indeed, this reading is consistent with how the district court characterized the agreement when accepting the plea.

## C. Ramirez's Actions

¶ 17 The People also contend that even if the plea agreement did not waive the ninety-one-day deadline, Ramirez's actions impliedly waived or invited any error in the court's untimeliness in ordering additional restitution. We disagree.

¶ 18 An "implied waiver occurs when a party's conduct demonstrates the intent to relinquish the right or when the party acts inconsistently with the asserted right." *Garcia*, ¶ 29. "In other words, while counsel's silence as to an issue typically indicates neglect supporting forfeiture, in certain circumstances, counsel's silence looks more like an intentional choice than a negligent oversight." *Id.* at ¶ 45 (citation omitted). The supreme court has been willing to infer the intent to waive "when the record demonstrates that counsel was aware of the grounds for an objection but failed to raise it." *Id.* at ¶ 46. And in certain cases, the supreme court's willingness to find an implied waiver is amplified if there is "a concern that a defendant could intentionally forego objecting to an error 'as a strategic parachute to preserve an avenue of attack on appeal.'" *Id.* at ¶ 47 (quoting *Stackhouse v. People*, 2015 CO 48, ¶ 17).

¶ 19  The People contend that both circumstances are present here.

¶ 20  First, they contend that Ramirez requested discovery nine days before the ninety-one-day deadline, did not request that the court set a restitution hearing before the deadline, did not demand that discovery be provided before the deadline, did not assert his right to have the final amount ordered before the deadline, and objected a month after the deadline expired.

¶ 21  The People ignore that the prosecution (1) waited seventy days to file their amended motion for restitution seeking the additional $900 — twenty-five days after the court's deadline to file such information — and (2) requested an additional order for restitution for future treatment. Ramirez lodged his objection and request for discovery just nine days later. Six days after that, the prosecution objected to Ramirez's request for discovery of records from the crime victim compensation board, and that same day both parties asked the clerk to set the matter for a status conference to discuss restitution and if a restitution hearing would be necessary. Significantly, at no point before the ninety-one-day deadline did the prosecution request that the district court make a finding that

10

Ramirez's objection and request for discovery provided good cause to go beyond that deadline.

¶ 22     Ramirez also objected pursuant to *Weeks* at the first court proceeding after the deadline had expired without the court making a good cause finding to extend it.  Had Ramirez objected prior to the expiration of the deadline it would have been premature.  In other words, it cannot be said that Ramirez was aware of the grounds for an objection but failed to raise it.

¶ 23     This is therefore a markedly different situation than the ones in the cases that the People rely on where the information giving rise to a possible objection was known to the defendant at the time and the defendant did not object.  *See Richardson v. People*, 2020 CO 46, ¶ 26 (concluding that defendant waived his right to challenge a juror where the defendant conceded that defense counsel did not challenge the juror who he knew was the judge's wife during voir dire); *Stackhouse,* ¶ 2 (discerning a waiver of public trial claim where defense counsel was aware of the courtroom's closure and the reasons for the closure but did not object at that time or at any other point during the trial); *People in Interest of A.G.,* 262 P.3d 646, 652 (Colo. 2011) (concluding that mother was aware

of the relationship from the beginning of the case and waited a year and a half, until after an adverse ruling, to seek to disqualify the judge); *Garcia,* ¶¶ 33-43 (concluding that seven different events and circumstances led to the inference that the defendant's attorneys were aware that the judge was statutorily disqualified and failed to move to disqualify her).

¶ 24     Next, the People contend that Ramirez's failure to object was strategic and not a mere oversight.  Assuming, without deciding, that this concern would apply in this context, we nevertheless conclude that Ramirez's silence before expiration of the deadline was not strategic because, again, until the deadline expired there was nothing for Ramirez to object to and the court could have made a good cause finding to extend the deadline.  Ramirez also had a right to object to and request discovery on the additional $900 and to object to an order for future treatment, neither of which were stipulated to in the plea agreement.  Nor is there any indication in the record that Ramirez specifically requested a status conference date (or restitution hearing date) beyond the ninety-one-day period. *Cf. People v. Babcock,* 2023 COA 49, ¶13 (concluding that the defendant waived his right to have to restitution determined within

12

ninety-one-days when defense counsel requested a hearing outside the ninety-one-day period) (*cert. granted* Apr. 8, 2024).

¶ 25    Finally, the People contend that even if Ramirez did not waive the deadline, he invited any error by injecting a discovery dispute right before the expiration of the ninety-one-day deadline, "which all but guaranteed" that the final amount of restitution would be determined beyond that deadline.  Again, at the very least, the court could have made a good cause finding (and the prosecution certainly could have requested one) to extend the deadline given the discovery dispute.  Thus, there was no guarantee that the court would lose authority to order additional restitution and as a result we conclude that Ramirez did not inject any error into the case.

¶ 26    In sum, the district court's order that Ramirez pay additional restitution — including the subsection (1)(c) order to pay the actual costs of specific future treatment — was entered beyond the ninety-one-day deadline without an express finding of good cause to

extend the deadline.  Accordingly, the court lacked authority to enter the additional order.[1]  *See Weeks*, ¶¶ 7, 45.

### D.    Stipulated Amount of Restitution

¶ 27    We emphasize that our decision does not disturb the district court's original restitution order.  As noted, at sentencing, the court ordered that Ramirez pay restitution in the amount of $5,866.  Ramirez agreed to pay that amount, the court had authority to enter that order, and Ramirez does not challenge that order on appeal.

### III.    Disposition

¶ 28    The July 13, 2023, restitution order is vacated.

JUDGE PAWAR and JUDGE SCHUTZ concur.

---

[1] Because we reach this conclusion, we do not need to address Ramirez's argument that an order to pay the actual costs of a specified future treatment pursuant to section 18-1.3-603(1)(c), C.R.S. 2024, can *only* be entered on the initial sentencing date.