**Terry SANOFF, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 06SC810.**

Supreme Court of Colorado, En Banc.

June 30, 2008.

Douglas K. Wilson, Colorado State Public Defender, Mark G. Walta, Deputy State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice COATS delivered the Opinion of the Court.

Sanoff sought review of the court of appeals' judgment affirming the restitution component of her sentence. *See People v. Sanoff,* No. 03CA0522, 2006 WL 1644655 (Colo.App. June 15, 2006) (Not Selected for Publication). Although the district court did not determine the amount of restitution owed until some two years after imposing sentence, and although Sanoff had, in the interim, already initiated an appeal of her conviction, the court of appeals concluded that the district court was not divested of jurisdiction to impose a specific amount of restitution, either by delaying beyond the statutory time limit or by Sanoff's act of filing a notice of appeal. We granted Sanoff's petition for a writ of certiorari solely to review the latter holding.

Although the court of appeals erred in finding that Sanoff's judgment of conviction did not become final for purposes of appeal until the specific amount of her restitution obligation had been imposed, its judgment is nevertheless affirmed, for the reason that even filing a valid notice of appeal did not divest the district court of jurisdiction to set the amount of restitution previously ordered.

## I.

In August 2000, Terry Sanoff was convicted of theft of more than $15,000, committed over a number of years. On October 30, 2000, the district court entered judgment of conviction, including a sentence of ten-years incarceration and an order to make restitution. As authorized by the applicable statutory provision,[1] the court reserved ruling on the specific amount of restitution until the matter could be heard, and it scheduled the hearing for November 27, 2000. Although the prosecution filed a Motion for Restitution Order on November 27, the hearing was continued, and for reasons that are not entirely clear from the record, the matter was not heard until August 30, 2002. On January 27, 2003, the district court finally entered an order directing the defendant to pay $485,132.50 in restitution to the pediatric rehabilitation clinic from which she committed the theft, and to its insurer for the attorney fees expended in fighting a suit she had prosecuted against the clinic.

The defendant filed her first notice of appeal in October 2000, challenging her conviction and sentence. The court of appeals affirmed, and this court denied the defendant's petition for certiorari. *See People v. Sanoff*, No. 00CA2073, 2002 WL 31609187 (Colo.App. Nov. 21, 2002), *cert. denied*, (Colo. Sept. 8, 2003). Proceedings in the district court to determine the appropriate amount of restitution, as well as the court's order directing payment of that amount, therefore occurred during the pendency of the defendant's direct appeal in the appellate courts.

In March 2003, the defendant again filed a notice of appeal in the court of appeals, this time challenging the district court's order setting the amount of restitution, and the court of appeals again affirmed. *People v. Sanoff*, No. 03CA0522, 2006 WL 1644655 (Colo.App. June 15, 2006). In affirming the district court's order for a specific amount of restitution, the appellate court rejected the defendant's assertion that the 90–day time limit prescribed by statute is jurisdictional, and it found good cause for extending that time limit, under the circumstances of this case. The appellate court also held that the

district court was not deprived of jurisdiction by the defendant's earlier filing of a notice of appeal, reasoning that it was premature because the defendant's judgment of conviction did not become a final, appealable order until the specific amount of her restitution had been set.

We granted the defendant's petition for writ of certiorari, solely with regard to the court of appeals' holding concerning the effect of filing a notice of appeal on the district court's jurisdiction to subsequently order a specific amount of restitution.

## II.

■ Subject to constitutional limitations not at issue here, it is the prerogative of the legislature to define crimes and prescribe sentences. *Vensor v. People*, 151 P.3d 1274, 1275 (Colo.2007). The General Assembly has long required that every sentence for a felony conviction include consideration of restitution. *See* § 18–1.3–603(1), C.R.S. (2007) (formerly § 18–1.3–103(1), C.R.S. (2000)). Before substantial amendments to the statutory scheme in 2000, the applicable provision explicitly mandated that the amount of restitution be fixed by the court at the time of sentencing and be endorsed on the mittimus. *See* § 16–11–102(4), C.R.S. (1989).

Because a judgment of conviction includes the defendant's sentence, Crim. P. 32(b)(3), we have held that a final judgment in a criminal case does not come until the defendant is acquitted, the charges are dismissed in their entirety, or the defendant is convicted and sentence is imposed. *See People v. Gallegos*, 946 P.2d 946, 950 (Colo.1997); *see also Ellsworth v. People*, 987 P.2d 264, 266 (Colo.1999); *Hellman v. Rhodes*, 741 P.2d 1258, 1259–60 (Colo.1987). Under the former statutory scheme, we had held that an order of restitution, including the amount the defendant was obliged to pay the victim, became part of his sentence, and therefore his judgment of conviction. *People v. Johnson*, 780 P.2d 504, 508 (Colo.1989). Accordingly, we held that an order of restitution also became appealable according to the statutory

---

1. *See* § 18–1.3–603, C.R.S. (2007).

procedures applicable to appellate review of a felony sentence. *Id.* In reliance on that holding, the court of appeals has found that a judgment of conviction does not become appealable until restitution has been imposed and continues to hold that the imposition of restitution for purposes of finality includes a determination by the sentencing court of the specific amount of restitution owed by the defendant. *See People v. Rosales,* 134 P.3d 429, 431–32 (Colo.App.2005), *cert. denied,* No. 05SC684, 2006 WL 1688339 (Colo. May 22, 2006).

In 2000, however, the General Assembly substantially reorganized the restitution scheme, adding an entirely new article titled "Restitution in Criminal Actions." *See* ch. 232, sec. 1, §§ 16–18.5–101–110, 2000 Colo. Sess. Laws 1030, 1030–41). In particular, section 16–18.5–103(1), now codified at § 18–1.3–603(1), altered the prior scheme by relieving the sentencing court of the obligation to set the amount of restitution at the time of imposing sentence and endorse it on the mittimus. While the statute continues to require that every order of conviction include consideration of restitution, it now expressly permits the sentencing court to merely order that the defendant be obligated to pay restitution and postpone a determination of the specific amount of restitution. *See* § 18–1.3–603(1)(b).

In doing so, the revised statutory structure now clearly distinguishes an order assigning liability for restitution from a determination of the amount of restitution for which the defendant is liable. In conjunction with eliminating the specific language upon which our holding in *Johnson* was premised, this amendment to the scheme undermines the continuing validity of our earlier conclusion that the amount of restitution must be part of a judgment of conviction. In fact, by specifying that an order of conviction need only include a determination whether the defendant is obligated to pay restitution, without designation of the amount, the General Assembly has made clear its intent that the amount of the defendant's liability no longer be a required component of a final judgment of conviction.

At the same time, however, the filing of a valid notice of appeal does not automatically strip the trial court of jurisdiction to take any further action in a criminal case. The doctrine of divestment is intended to serve the interests of judicial efficiency, by preventing consideration of the same issue in different courts at the same time, and therefore it has never applied to more than trial court rulings affecting the judgment subject to appeal. *See People v. Dillon,* 655 P.2d 841, 844 (Colo. 1983) (interpreting sometimes sweeping language of prior holdings as limiting trial court jurisdiction "relative to the order or judgment appealed from"); *see also People v. Stewart,* 55 P.3d 107, 126 (Colo.2002) ("A trial court retains jurisdiction to act on matters that are not relative to and do not affect the judgment on appeal."); *Molitor v. Anderson,* 795 P.2d 266, 269 (Colo.1990) ("[T]he filing of a notice of appeal divests a trial court of authority to consider matters of substance *affecting directly the judgment appealed from.*") (emphasis added). Even trial court actions affecting the judgment on appeal may be authorized by statute or rule. *Dillon,* 655 P.2d at 844. Whether particular actions are specifically authorized by statute or rule, or do not affect the judgment of conviction at all, has therefore often been subject to dispute. *See, e.g., id.* at 848 (Quinn, J., dissenting) (including a lengthy list of actions arguably still within trial court's jurisdiction).

Here, by express legislative action, a subsequent determination of the amount of restitution owed by a defendant, as distinguished from an order simply finding her liable to pay restitution, has been severed from the meaning of the term "sentence," as contemplated by Crim. P. 32, and therefore from her judgment of conviction. Neither subsequent proceedings to determine, nor an order assessing, a specific amount of restitution directly affects that judgment. The trial court is therefore not divested of jurisdiction to proceed to set an amount of restitution by an ongoing appeal of the defendant's conviction.

As a separate, final judgment, however, an order for a specific amount of restitution is itself an appealable order. Where joining

such an appeal with an ongoing appeal of the defendant's conviction would serve the interests of judicial efficiency, nothing in the statutory scheme prohibits the appellate court from doing so. Furthermore, the lengthy delay in this case is clearly atypical, and the statutory time limitation for completing the assessment of restitution actually suggests that such joinder is contemplated by the statutory scheme.

## III.

Here, when the district court ordered the defendant liable to pay restitution, the restitution component of the defendant's sentence was satisfied. Her sentence, and therefore her judgment of conviction, became a final, appealable order upon issuance of the mittimus. By relying on *Rosales*, the court of appeals misapprehended the nature of the restitution order required at sentencing, and therefore the court's rationale for finding

that the district court retained jurisdiction to determine the amount of restitution was mistaken. Nevertheless, because the district court retained jurisdiction to determine the amount of restitution for the separate reason that the specific amount of restitution is no longer part of the defendant's judgment of conviction, as contemplated by Crim. P. 32, the court of appeals' finding of jurisdiction was correct.

## IV.

The judgment of the court of appeals is therefore affirmed.