22CA0895 Peo v Xiong 11-14-2024 modified

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0895
Morgan County District Court No. 17CR448
Honorable Charles M. Hobbs, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ha Xiong,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Graham*, JJ., concur

Opinion Modified
On the Court's Own Motion
Petition for Rehearing DENIED

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

Philip J. Weiser, Attorney General, Brock J. Swanson, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

OPINION is modified as follows:

**Page 6, ¶ 16 currently reads:**

But as he acknowledges, this error gives rise to an illegal manner claim, not an illegal sentence claim.

**Opinion now reads:**

But this error gives rise to an illegal manner claim, not an illegal sentence claim.

¶ 1     Defendant, Ha Xiong, appeals the district court's order denying his Crim. P. 35(a) motion.  Because we conclude the motion was untimely, we affirm.

## I.     Factual Background

### A.     Trial Court Proceedings

¶ 2     The People charged Xiong with possession with intent to manufacture or distribute more than fifty pounds of marijuana or marijuana concentrate, possession of methamphetamine, and driving under the influence.  The charges stemmed from an incident in which Xiong crashed a rented car into a semitruck while he was transporting over a hundred pounds of marijuana.

¶ 3     In exchange for dismissal of the original charges, Xiong pleaded guilty to an amended count of driving while ability impaired and an added count of possession with intent to manufacture or distribute a controlled substance.  As part of his plea agreement, the parties stipulated that Xiong "is to pay all restitution, including but not limited to [the semitruck driver, the rental car company,] and any other party injured or property damaged as a result of th[e] incident."

¶ 4   At the May 2019 sentencing hearing, the trial court imposed a controlling four-year prison sentence.  The court gave the prosecution ninety-one days to file its restitution request and gave the defense time to object.  The mittimus does not mention restitution.

¶ 5   Xiong did not directly appeal his convictions or sentence.

¶ 6   Forty-eight days after sentencing, the prosecution submitted a request for $36,809.12 in restitution.  Four days later, Xiong objected, requesting a hearing and asserting that he "[did] not believe this [wa]s a reasonable amount for the damages in this case nor [wa]s he the proximate cause of some of the requested restitution."

¶ 7   The court set the matter for a hearing on August 23, 2019 — 112 days after the sentencing hearing.  After the hearing, the court ordered Xiong to pay the requested amount of restitution.

B.   The Restitution Appeal and Crim. P. 35(a) Proceedings

¶ 8   Xiong appealed the restitution award, and a division of this court affirmed the trial court's order.  *People v Xiong*, (Colo. App. No. 19CA1820, June 17, 2021) (not published pursuant to C.A.R. 35(e)) (*Xiong I*).  Shortly after the division announced its opinion in

*Xiong I*, the supreme court announced *People v. Weeks*, 2021 CO 75.

¶ 9  Xiong then filed the Crim. P. 35(a) motion at issue here.  He argued that, under *Weeks*, the restitution order should be vacated because (1) the prosecutor failed to request restitution at the sentencing hearing, meaning the court could not have properly deferred a determination of the amount of restitution owing; and (2) the court failed to fix the amount of restitution within the statutory ninety-one-day deadline.

¶ 10  The district court denied the motion.  It found that its "authority under Rule 35" was equitable in nature and that "it would be manifestly inequitable to the victim" to retroactively apply *Weeks*.

## II.    Discussion

¶ 11  Xiong argues that, pursuant to *Weeks*, the district court erred by denying his Crim. P. 35(a) motion.  Reviewing the court's order de novo, *see People v. Tennyson*, 2023 COA 2, ¶ 9 (*cert. granted* Sept. 11, 2023), we disagree, though we affirm on different grounds than those relied on by the district court, *see People v. Cooper*, 2023 COA 113, ¶ 7.

## A.    Standing

¶ 12    As a threshold issue, the People assert that Xiong lacked standing to file his motion because the deadlines in the restitution statute were enacted for the benefit of victims, not defendants.  The People cite no authority for this proposition, and we are not aware of any.  Regardless, no one disputes that a defendant has standing to seek postconviction review under Crim. P. 35.  *See Hunsaker v. People*, 2021 CO 83, ¶ 18 (stating that defendants may seek postconviction review of a sentence and listing the "three avenues for this relief" as Crim. P. 35(a), (b), and (c)).

## B.    Timeliness

¶ 13    Every judgment in a felony case must include "consideration of restitution," meaning it must include (a) an order fixing a specific amount of restitution; (b) an order requiring restitution but deferring the specific amount for up to ninety-one days; (c) an order fixing restitution and requiring the defendant to pay certain future costs; or (d) a finding that no restitution is owing.  § 18-1.3-603(1)(a)-(d), C.R.S. 2024; *Weeks*, ¶ 29.

¶ 14    But the statute distinguishes "an order assigning *liability* for restitution from a determination of the *amount* of restitution for

4

which the defendant is liable." *Sanoff v. People*, 187 P.3d 576, 578 (Colo. 2008) (emphasis added). Only the order assigning liability is a component of the defendant's sentence; the order fixing the amount of restitution is separate from the judgment of conviction and independently appealable. *Id.*

¶ 15 Xiong first contends that because the prosecutor did not present restitution information before or at the sentencing hearing, the court could not have properly assigned liability for restitution and deferred fixing the amount. *See Weeks*, ¶ 30 (Section 18-1.3-603(1)(b) "allows the court to shelve the determination of the amount of restitution after entering a preliminary order requiring restitution. And the court can only enter such an order if the prosecution has made a motion for restitution.").[1] True, the omission in the judgment of an order assigning liability for

---

[1] Under section 18-1.3-603(2)(a), C.R.S. 2024, the prosecutor shall "present [restitution] information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction." But the prosecutor's failure to present restitution information before or at sentencing, even if the information is available, does not itself require vacatur of the restitution order. *See People v. Brassill*, 2024 COA 19, ¶ 60 (even if the prosecution fails to comply with its obligation to present restitution information at sentencing, the court has authority to enter a restitution order within the ninety-one-day deadline).

restitution results in an illegal sentence that can be challenged at any time under Crim. P. 35(a). *See People v. Bowerman*, 258 P.3d 314, 316 (Colo. App. 2010). But the remedy for such an error is to remand for the trial court to amend the mittimus to reflect the necessary order assigning liability for restitution, not to vacate the entirely separate restitution order. *See Tennyson*, ¶ 31 ("[I]f a sentence is illegal because it does not contain the 'consideration of restitution' as required by section 18-1.3-603(1), the district court must correct it.").[2]

¶ 16    Next, Xiong argues that the court erred by fixing the amount of restitution outside the ninety-one-day deadline. But this error gives rise to an illegal manner claim, not an illegal sentence claim. *See id.* at ¶ 33. An illegal manner claim must be raised, as relevant here, within 126 days after (1) "sentence is imposed" or (2) affirmance of the *judgment of conviction or sentence.* Crim. P. 35(a), (b).

---

[2] Because Xiong does not argue that his sentence is illegal or seek correction of this omission, we decline to order a remand to amend the mittimus.

6

¶ 17    Xiong says, as he did in the district court, that his Crim. P. 35(a) motion was timely because he filed it within 126 days after the mandate issued in *Xiong I*.  But *Xiong I* did not affirm the judgment of conviction or sentence; it affirmed the trial court's restitution order, which, as we have explained, is not a component of the defendant's judgment of conviction, including the sentence.  *See Sanoff*, 187 P.3d at 578 (The determination of the amount of restitution, as distinguished from an order assigning liability to pay restitution, "has been severed from the meaning of the term 'sentence,' as contemplated by Crim. P. 32, and therefore from [the] judgment of conviction.").

¶ 18    Because Xiong did not appeal his judgment of conviction/sentence, his illegal manner claim had to be raised under Crim. P. 35(a) within 126 days of the date sentence was imposed.  *See Tennyson*, ¶ 38 (concluding that the defendant's Crim. P. 35(a) illegal manner claim was untimely where the motion was filed "more than 12[6] days after sentencing").  Sentence was imposed in May 2019, but Xiong did not file his motion until March 2022.  Therefore, the district court properly denied the motion.

### III.    Disposition

¶ 19    The order is affirmed.

JUDGE YUN and JUDGE GRAHAM concur.