23CA1812 Peo v Plake 01-09-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1812
Douglas County District Court No. 11CR103
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Matthew Valiant Plake,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 9, 2025

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Janet Kinniry, Gardner, Colorado, for Defendant-Appellant

¶ 1     Defendant, Matthew Valiant Plake, appeals the district court's order denying as time barred his postconviction motion challenging his restitution order.  Because we agree that the motion was untimely filed, we affirm the order.

## I.     Background

¶ 2     Plake agreed to plead guilty to two counts of conspiracy to commit first degree murder in exchange for the dismissal of other charges filed against him and a stipulated sentence of forty-eight years in prison.  The written plea documents reflect that Plake stipulated to causation for purposes of determining restitution but that restitution would be "reserved" for ninety days following sentencing.

¶ 3     At a March 14, 2012, hearing, Plake pleaded guilty, and the district court imposed the stipulated sentence.  Neither the sentencing order nor the mittimus reflected the court's determination of Plake's liability with respect to restitution.  The court ordered the prosecution to submit a request for restitution within ninety days and ordered Plake to file any objection within fifteen days if a request for restitution was filed.  The court stated that it would enter a restitution order if no objection was filed.

¶ 4     On June 13, 2012 — the ninety-first day after sentencing — the prosecution filed a motion for an extension of time to file a restitution motion. The district court granted the motion.

¶ 5     On August 28, 2012, the prosecution filed a motion for an award of $35,087.35 in restitution. The record contains no objection. On October 17, 2012, the district court entered an order imposing the requested restitution.

¶ 6     On November 12, 2021, Plake filed a pro se Crim. P. 35(a) motion, in which he argued that his sentence was illegal because the court entered the restitution order more than ninety days after sentencing in violation of section 18-1.3-603(1)(b), C.R.S. 2024, and the then-recently announced holding in *People v. Weeks*, 2021 CO 75. The prosecution countered that Plake's argument was not cognizable as an illegal sentence claim but that he instead raised an untimely challenge to the manner in which his sentence was imposed.

¶ 7     At a September 19, 2022, hearing, the postconviction court indicated its belief that Plake's sentence was illegal because the district court was without jurisdiction when it entered the restitution order. The court noted that, since this illegality existed

2

as a result of the restitution terms of the plea agreement, the required remedy would be to vacate Plake's guilty pleas and the plea agreement. Because this was not Plake's intended relief, the court stated that, "if [counsel] need some time to talk with Mr. Plake, including setting this for a different date, I will give you that time and opportunity before I enter the order." At counsel's request, the court set the matter over to another hearing date.

¶ 8 Subsequently, a division of this court in *People v. Tennyson*, 2023 COA 2 (*cert. granted* Sept. 11, 2023), concluded that a postconviction challenge to the timeliness of a section 18-1.3-603(1)(b) restitution order was cognizable as an illegal manner claim. *See id.* at ¶¶ 2, 38. At the next hearing, Plake stated that he wouldn't withdraw his challenge to the restitution order but objected to the vacation of his guilty pleas and the plea agreement. The parties and the postconviction court agreed to continue the matter to see if the supreme court granted certiorari in *Tennyson*. After the announcement of additional relevant authority from the court of appeals, the court ordered the parties to submit written arguments on the issue.

¶ 9    In his brief, Plake asserted that, notwithstanding the subsequently announced caselaw, the postconviction court should not reconsider its September 19, 2022, ruling that his motion raised an illegal sentence claim.  Plake also argued that *Tennyson* was wrongly decided or was distinguishable from his case.  Lastly, Plake asserted that, even if his claim was cognizable as an illegal manner claim, his failure to comply with the applicable deadline for filing such claims was the result of excusable neglect and, consequently, the court should consider the motion.

¶ 10    In its response, the prosecution argued that the postconviction court could reconsider its September 19, 2022, ruling because it was either not a final order or subject to reconsideration pursuant to the law of the case doctrine.  The prosecution maintained that the court was bound by *Tennyson* and that, therefore, it should deny Plake's motion as asserting an untimely illegal manner claim.  Lastly, the prosecution objected to the court finding that the untimely filing of Plake's motion was the result of excusable neglect.

¶ 11    In an August 31, 2023, order, the postconviction court noted that, at the September 19, 2022, hearing, it had "provided direction that it was considering the sentence to be an illegal sentence" and

that the matter was set over to permit Plake and his counsel to discuss the consequences that would result from that finding. As such, the court found that it "did not enter a final order regarding if the sentence entered was illegal or if a violation of the plea agreement occurred." Nevertheless, the court recognized that, even if it had issued a ruling, the law of the case doctrine allowed it to reconsider the ruling in light of the changed conditions created by the announcement of *Tennyson.*

¶ 12    The postconviction court then found that it was bound by *Tennyson* and that Plake's motion asserted an untimely illegal manner claim. The court rejected Plake's assertion that his failure to timely file the motion was the result of excusable neglect.

## II.    Crim. P. 35(a) Authority

¶ 13    Crim. P. 35(a) permits a "court [to] correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time." "An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature." *People v. Jenkins*, 2013 COA 76, ¶ 11.

¶ 14　　Crim. P. 35(a) also permits a court to "correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."  The version of Crim. P. 35 in effect at the time Plake was sentenced provided that a court may reduce a defendant's sentence within 120 days from, as relevant here, the imposition of the sentence.  Crim. P. 35(b) (2011).[1]  "A sentence may be imposed in an illegal manner 'when the [district] court ignores essential procedural rights or statutory considerations in forming the sentence.'"  *People v. Bowerman*, 258 P.3d 314, 316 (Colo. App. 2010) (quoting 15 Robert J. Dieter & Nancy J. Lichtenstein, *Colorado Practice Series, Criminal Practice and Procedure*, § 21.10 n.10 (2d ed. 2004)).

### III.　Applicable Restitution Authority

¶ 15　　The restitution statute requires every order of conviction to include one of four types of restitution orders.  § 18-1.3-603(1); *Weeks*, ¶ 3.  At issue here is the restitution order set forth in section 18-1.3-603(1)(b).  The version of subsection (1)(b) in effect at the time Plake was sentenced required an order of conviction to

---

[1] The current version of Crim. P. 35(b) permits a court to reduce a sentence within 126 days of the imposition of a sentence.

include "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18-1.3-603(1)(b), C.R.S. 2011.[2]

¶ 16    In *Sanoff v. People,* 187 P.3d 576 (Colo. 2008), the supreme court concluded that, in enacting section 18-1.3-603(1)(b), "the General Assembly has made clear its intent that the amount of the defendant's [restitution] liability no longer be a required component of a final judgment of conviction" and that "an order of conviction need only include a determination whether the defendant is obligated to pay restitution, without designation of the amount." *Id.* at 578. Accordingly, the court recognized that section 18-1.3-603(1)(b) creates two separate, final, appealable orders: a sentencing order assigning liability for restitution but reserving the determination of the amount, and a subsequent order setting the

---

[2] The current version of the restitution statute requires the amount of restitution to be determined within ninety-one days of sentencing. *See* § 18-1.3-603(1)(b), C.R.S. 2024.

7

amount of restitution for which a defendant is liable. *Id.* at 578-79; *see also Weeks*, ¶ 30 n.9; *Tennyson*, ¶¶ 17, 20-23.

¶ 17    "[W]hen [a] district court order[s] [a] defendant liable to pay restitution, the restitution component of the defendant's sentence [i]s satisfied" and "[the] sentence, and therefore [the] judgment of conviction, bec[o]me[s] a final, appealable order upon issuance of the mittimus." *Sanoff*, 187 P.3d at 579; *see also Meza v. People*, 2018 CO 23, ¶¶ 13-15.  And "[the] subsequent determination of the amount of restitution owed by a defendant, as distinguished from an order simply finding [the defendant] liable to pay restitution, has been severed from the meaning of the term 'sentence,' as contemplated by Crim. P. 32, and therefore from [the] judgment of conviction." *Sanoff*, 187 P.3d at 578.

¶ 18    In *Weeks*, the supreme court clarified that the subsequent order fixing the amount of restitution must be entered within ninety-one days after entry of the order of conviction or within whatever extended timeframe the court sets based on an express finding of good cause for a continuance, which must be made before the deadline expires. *Weeks*, ¶¶ 4-5, 7-8, 39, 45; *see also Tennyson*, ¶ 28.  A court lacks the authority to fix a restitution

8

amount after the deadline in the absence of this express, timely good cause finding. *Weeks*, ¶ 45.

## IV. Analysis

¶ 19 In his opening brief, Plake raises various challenges to the postconviction court's order denying his Crim. P. 35(a) motion and to the restitution order itself. We address and reject his assertions.

¶ 20 First, to the extent Plake asks us to affirm the postconviction court's September 19, 2022, ruling that the sentencing court was without jurisdiction to order restitution, we decline to do so. That ruling wasn't final and was reconsidered, so we lack jurisdiction to review it. *See People v. Thomas*, 116 P.3d 1284, 1285 (Colo. App. 2005) ("A final appealable order is one that effectively terminates the proceedings in the court below and is a jurisdictional prerequisite to appellate review.").

¶ 21 Next, we reject Plake's assertion that the district court lacked jurisdiction to enter a restitution order when it did so on October 17, 2012. Again, an order addressing liability for restitution is a component of a defendant's sentence and the judgment of conviction. *See* Crim. P. 32(b)(3)(I); *Weeks*, ¶¶ 8, 46; *Meza*, ¶¶ 10, 14; *Sanoff*, 187 P.3d at 578-79. The entry of one of the four

9

statutorily enumerated orders of restitution "satisf[ies] the restitution component of a judgment of conviction, rendering it a final judgment for purposes of appeal." *Meza*, ¶ 14; *see also Sanoff*, 187 P.3d at 578-79.

¶ 22    For purposes of section 18-1.3-603(1)(b), an order assigning restitution liability but deferring the determination of the restitution amount is the required component of a final judgment of conviction. *See Sanoff*, 187 P.3d at 578-79; *Tennyson*, ¶ 21. Accordingly, the district court's failure to enter a restitution liability order at sentencing created a sentence that was not authorized by law but which was subject to correction at any time. *See* Crim. P. 35(a); *Tennyson*, ¶ 31; *Bowerman*, 258 P.3d at 316; *People v. Dunlap*, 222 P.3d 364, 368 (Colo. App. 2009). The illegality in Plake's sentence caused by the failure to enter a restitution liability order was corrected when the court entered its order setting a restitution amount, which necessarily included a finding that Plake was obligated to pay restitution. *See Sanoff*, 187 P.3d at 578.

¶ 23    Plake doesn't explain why section 18-1.3-603(1)(b)'s ninety-day deadline applies to the entry of the restitution liability order or why the expiration of the deadline would divest the court of

jurisdiction to correct an illegality created by the omission of such order. *See Tennyson*, ¶ 31 ("[I]f a sentence is illegal because it does not contain the 'consideration of restitution,' as required by section 18-1.3-603(1), the district court must correct it."); *see also Dunlap*, 222 P.3d at 369 ("[N]o time requirement limits jurisdiction under Crim. P. 35(a)."); *People v. White*, 179 P.3d 58, 61 (Colo. App. 2007) ("Because an illegal sentence represents a type of jurisdictional defect, [a] trial court retain[s] the authority to correct [the] error.").

¶ 24    To the extent Plake asserts that the court's error in entering the order assigning restitution liability required vacating the order setting the amount of restitution, we aren't persuaded. *See Tennyson*, ¶¶ 2, 30-33 (because the order imposing restitution liability is a component of a defendant's sentence and separate from the order setting the restitution amount, a noncompliant order setting a restitution amount could not affect the trial court's duty to enter the order imposing restitution liability). The second order contemplated by section 18-1.3-603(1)(b) — the order fixing the restitution amount — is subject to the statutory ninety-day deadline. *See Weeks*, ¶¶ 4-5, 30 n.9, 39; *Tennyson*, ¶ 32. But, for the reasons set forth in *People v. Babcock*, 2023 COA 49, ¶¶ 7-11

(*cert. granted* Apr. 8, 2024), we conclude that this deadline isn't jurisdictional.

¶ 25      Lastly, Plake argues that the restitution order must be vacated because the district court's entry of the order more than ninety days after sentencing was unlawful. He argues that *Tennyson* is distinguishable because that case involved a challenge to the restitution amount itself and he is instead challenging the court's authority to enter the restitution order. We aren't persuaded.

¶ 26      Contrary to Plake's assertion, *Tennyson* addressed whether, like here, a defendant's postconviction challenge to the timeliness of the order setting the restitution amount was cognizable as an illegal sentence claim subject to correction at any time or as an illegal manner claim subject to correction within 120 days of sentencing. *See id.* at ¶¶ 2, 32-34, 38. Relying on *Sanoff*, the *Tennyson* division concluded that, because the restitution amount is not a part of a defendant's sentence, a district court's failure to follow the procedure outlined in *Weeks* by which the amount is determined implicates the legality of the manner in which the sentence was imposed, and not the legality of the sentence. *Id.* at ¶¶ 2, 17, 32-34, 38.

¶ 27　　We agree with the reasoning in *Tennyson* and, therefore, conclude that Plake's motion was cognizable as a Crim. P. 35(a) illegal manner claim.　*See also People v. Mickey*, 2023 COA 106, ¶ 3 n.3.　As such, because his 2021 motion was filed more than 120 days after his 2012 sentencing, the postconviction court was required to deny it as time barred.

¶ 28　　We decline Plake's bald request to remand the case to allow him another opportunity to present more evidence on the issue of whether the untimely filing of his motion was the result of excusable neglect.　*See* Crim. P. 45(b)(2); *People v. Johnson*, 2013 COA 122, ¶¶ 39-41.

## V.　Disposition

¶ 29　　The order is affirmed.

JUDGE BROWN and JUDGE MOULTRIE concur.