22CA2272 Peo v Archibeque 02-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA2272
Adams County District Court No. 20CR2176
Honorable Patrick H. Pugh, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Geno Lee Archibeque,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lucy H. Deakins, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Geno Lee Archibeque, appeals the restitution order entered following his guilty plea and conviction for attempted second degree assault. We affirm.

## I. Background

¶ 2 After being charged with six counts of second degree assault, six counts of menacing, and one count of criminal mischief, Archibeque pleaded guilty on July 13, 2021, to one count of attempted second degree assault – causing injury with a deadly weapon. As part of his plea agreement, Archibeque agreed to pay any court-ordered restitution and that the restitution amount would be reserved.

¶ 3 On January 19, 2022, the trial court sentenced Archibeque to three years and 302 days in community corrections. At sentencing, the prosecution requested to reserve restitution because the amount was still being determined since the victim was still receiving continuing care for his injuries. The court reserved restitution, gave the prosecution thirty-five days to file its restitution request, and gave the defense twenty-eight days after that to file any objection.

¶ 4     Before the court held a restitution hearing and entered an order for a specific amount of restitution, the following motions and orders were filed:

- On March 1, the prosecution moved for an extension of time to file the restitution information until May 30. It asserted extenuating circumstances justified the extension because the victim was still receiving medical treatment and asked the court to make a good cause finding to extend its deadline to determine restitution beyond ninety-one days.

- On March 14, the court entered an order finding extenuating circumstances for the prosecution's late filing and gave it until April 30 to file its restitution documents. The court also expressly found good cause to extend its deadline for determining the restitution amount and set June 1 as its own deadline to determine the restitution amount.

- On April 26, the prosecution filed another motion for an extension of time to file its restitution request, again

asserting that the victim was still undergoing treatment, and asked for a June 13 deadline for its filing.

- On April 29, the court entered another order extending the prosecution's deadline to June 9 and finding good cause to further extend its own deadline to enter an order determining the amount of restitution until July 14.

- On June 8, the prosecution submitted a request for $3,939.20 in restitution but asked for an extension until October 31 to submit its final restitution amount because the victim had yet to return to work and additional time was needed to calculate his lost wages and medical bills not covered by insurance.

- On July 1, the court held a hearing on the prosecution's motion. At that hearing, Archibeque objected to (1) the prosecution's June 8 extension request, and (2) the prosecution's assertion that he proximately caused all of the victim's damages. The court found good cause to extend the period within which to determine restitution, set a deadline of September 9 for the prosecution to

submit its final restitution amount, and scheduled a restitution hearing for September 30.

- On September 8, the prosecution filed its final restitution figures, asking for $12,048.50 in restitution, and, the next day, filed a motion to continue the restitution hearing.

¶ 5     The court ultimately held the restitution hearing on October 24.  Six days later, it issued a written order finding that there was good cause to extend the time by which it would determine restitution and indicated it would enter its order within thirty-five days.  On November 18, the court entered a written order finding that the prosecution had established, by a preponderance of the evidence, that Archibeque was responsible for $6,569.70 in restitution.

## II.     Restitution

¶ 6     Restitution is "any pecuniary loss suffered by a victim . . . proximately caused by an offender's conduct."  § 18-1.3-602(3)(a), C.R.S. 2024.  Every order of conviction "shall include consideration of restitution," which must take one or more of four prescribed forms: (1) an order to pay a specific amount of restitution; (2) an

4

order that the defendant is obligated to pay restitution, but deferring the determination of the actual amount owed; (3) an order that the defendant is obligated to pay the actual costs of specific future treatment of the victim; or (4) a finding that no victim suffered a pecuniary loss and thus no restitution is owed. § 18-1.3-603(1)(a)-(d), C.R.S. 2024. If the court defers determining the amount of restitution, it "shall" determine the amount "within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18-1.3-603(1)(b); *see also People v. Weeks*, 2021 CO 75, ¶ 5 ("[T]he deadline in subsection (1)(b) refers to the court's determination of the restitution amount the defendant must pay, not to the prosecution's determination of the proposed amount of restitution.").

¶ 7 Resolving conflicting interpretations of section 18-1.3-603(1)(b), the supreme court in *Weeks* held that a trial court (1) must determine the amount of restitution within ninety-one days of the judgment of conviction; and (2) may extend that ninety-one-day deadline only if, before the deadline expires, the court expressly finds good cause to extend it. *Weeks*, ¶¶ 4-5. Thus, within ninety-

one days of the order of conviction, the trial court must either determine restitution or expressly make a finding of good cause to extend the deadline. *Id.* at ¶ 5. If the court fails to do either, it loses its "authority" to award restitution. *See id.* at ¶ 45; *see also People v. Tennyson*, 2023 COA 2, ¶¶ 32-33 (*cert. granted* Sept. 11, 2023).

¶ 8 Further, the statute requires the court to base its order setting the restitution amount on information presented by the prosecuting attorney either prior to entry of conviction at sentencing or within ninety-one days if it's not available before that time. § 18-1.3-603(2)(a). But the court can also extend that date if it finds "extenuating circumstances affecting the prosecuting attorney's ability to determine restitution." *Weeks*, ¶ 6.

¶ 9 Whether the trial court had authority to impose restitution is a legal question that we review de novo. *See People v. Roddy*, 2021 CO 74, ¶ 23.

### III. Initial Restitution Order at Sentencing

¶ 10 Archibeque contends that the trial court didn't enter one of the four types of orders required by section 18-1.3-603(1) and *Weeks* at

the sentencing hearing, and therefore, did not have authority to enter the later restitution order. We disagree.

¶ 11    Initially, we note that the parties dispute whether Archibeque waived or invited any error with regard to the court's entry of a section 18-1.3-603(1) order at sentencing. However, we don't resolve that dispute because, as discussed below, we reject the argument on the merits.

¶ 12    We acknowledge that Archibeque's mittimus doesn't include a notation regarding restitution. But in the plea agreement, Archibeque agreed to "pay any Court-ordered restitution" and agreed that the determination of the amount of restitution would be reserved. At sentencing, the trial court orally granted the prosecution thirty-five days to file its restitution motion based upon the prosecution's assertion that the amount was still being determined because the victim was receiving continuing care, both psychological and physical.

¶ 13    We understand the court's statement about the prosecution filing its restitution motion to mean that the court considered and ordered that Archibeque was liable to pay restitution and the court reserved only the determination of the restitution amount based on

the prosecution's assertion that the amount was, as of that time, undetermined. Thus, we conclude that the order entered at the restitution hearing was sufficient to comply with section 18-1.3-603(1)(b).

¶ 14    Archibeque also asserts that, before entering the preliminary order requiring a defendant to pay restitution under section 18-1.3-603(1)(b), the trial court must make a determination that the defendant proximately caused the damages subject to restitution. And because the court didn't do that here, any order entered at the sentencing hearing was improper. Again, we disagree.

¶ 15    Section 18-1.3-603(1) requires that all judgments of conviction contain one of four types of orders regarding restitution. *Weeks*, ¶ 3. As discussed above, the type of restitution order relevant here requires a judgment of conviction to include "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18-1.3-603(1)(b).

¶ 16    However, a section 18-1.3-603(1)(b) order assigning liability for restitution is distinct from a determination of the amount of restitution for which the defendant is liable.  *See Sanoff v. People*, 187 P.3d 576, 578 (Colo. 2008) ("[A]n order of conviction need only include a determination whether the defendant is obligated to pay restitution, without designation of the amount[.]"); *see also Tennyson*, ¶ 22 (noting that the restitution statute clearly distinguishes between a subsequent determination of the amount of restitution owed by a defendant and the order simply finding the defendant liable to pay restitution).  Indeed, section 18-1.3-603(1)(b) contemplates that the court will enter an order at sentencing requiring a defendant to pay restitution before the prosecution presents any information in support of a specific amount.  And it's only after the prosecution submits documentation to establish the amount of damages caused by the defendant's criminal conduct that the court holds a hearing to determine proximate cause and the amount of restitution *if* the defendant objects on those grounds.  §§ 18-1.3-602(3)(a), 18-1.3-603(1)(b). Thus, contrary to Archibeque's contention, we conclude that the

trial court isn't required to determine causation at the sentencing hearing when it enters a section 18-1.3-603(1)(b) order.

## IV. Authority to Enter the Final Restitution Order

¶ 17 Archibeque next contends that the trial court lacked authority to enter the order requiring him to pay $6,569.70 in restitution because it (1) failed to set a new deadline for it to determine the restitution amount at the July 1 hearing and (2) didn't find extenuating circumstances to justify the prosecution's extension for submitting its final restitution figures before its June 9 deadline expired. Because we conclude that the trial court retained authority to enter the November 18, 2022, restitution order, we reject Archibeque's contentions.

### A. Trial Court Maintained Authority to Order Restitution

¶ 18 Archibeque argues that the trial court lost its authority to enter the final restitution order because it did not adhere to its self-imposed deadline of July 14 for determining the restitution amount and did not set a new deadline for itself at the July 1 hearing when it found good cause to extend its time for determining the restitution amount. We aren't persuaded.

10

¶ 19    Here, pursuant to section 18-1.3-603(1)(b) and *Weeks*, ¶ 5, the trial court had until April 19, 2022 — ninety-one days after the January 18 sentencing hearing — to determine restitution or make an express good cause finding to extend the restitution deadline. On March 14, the court entered an order finding extenuating circumstances to extend the prosecution's deadline to file its restitution figures, expressly found good cause to extend its deadline for determining the restitution amount, and set June 1, 2022, as its new deadline for determining the restitution amount. Because the court expressly found good cause to go beyond the initial ninety-one day statutory deadline before that deadline expired, we conclude that it retained authority to continue the restitution proceedings. *See Weeks*, ¶¶ 4-5.

¶ 20    Archibeque nevertheless argues that the trial court lost authority when, at the July 1 hearing, despite finding good cause to further extend the restitution proceedings, the court failed to set a new deadline for itself to enter the restitution order when it set the restitution hearing for September 30. However, Archibeque doesn't cite, and we aren't aware of, any reported Colorado case holding that a trial court lacks the authority to enter a restitution order

11

when it fails to meet its own self-imposed deadline for determining the restitution amount.

¶ 21 Section 18-1.3-603(1)(b) refers only to the statutory ninety-one-day deadline; and, neither the statute nor *Weeks* require the trial court to set a deadline for itself when it makes a good cause finding to go beyond the statutory ninety-one days. Thus, as long as the trial court expressly finds good cause to extend the deadline for ordering restitution before the initial ninety-one days expires, it retains authority to enter the restitution amount more than ninety-one days after sentencing. *See Weeks*, ¶¶ 4-5.

¶ 22 We note, however, that the absence of such a requirement doesn't necessarily mean that a trial court can indefinitely postpone determining the restitution amount once it's made a good cause finding to determine restitution more than ninety-one days after sentencing. Thus, to the extent that the statute and *Weeks* envision that the trial court will enter restitution within a reasonable time after making the good cause finding to go beyond the statutory ninety-one days, we conclude that, based on the facts here, the trial court entered the order for a specific amount of restitution within a reasonable time. Despite the trial court failing

to set an internal deadline for when it would enter the restitution order after the July 1 hearing, it didn't allow the matter to linger. It set deadlines for the prosecution's supplemental request, scheduled a restitution hearing based on Archibeque's objection to the requested amount, and ultimately issued its order within a month of that hearing. Given the specific nature of the victim's injuries and the court's need to evaluate the evidence before deciding on the restitution amount for which Archibeque was responsible, we conclude that the trial court's restitution order was entered within a reasonable time.

### B. Prosecution's Submission of the Restitution Information

¶ 23 Archibeque also argues that the trial court lost its authority to enter the restitution order because it (1) allowed the prosecution to submit the restitution information after the June 9 deadline it set expired and (2) failed to grant an extension of that deadline before it expired. We aren't persuaded.

¶ 24 The trial court has the inherent authority to manage its docket through scheduling orders. *People v. Owens*, 2014 CO 58, ¶ 16. Under section 18-1.3-603(2)(a), the prosecutor shall "present [restitution] information to the court prior to the order of conviction

13

or within ninety-one days, if it is not available prior to the order of conviction." In *Weeks*, the supreme court held that "a request for an extension of the prosecution's deadline should be made and resolved before or during the sentencing hearing." *Id.* at ¶ 8. However, the court may extend that deadline if, before the prosecution's ninety-one-day deadline expires, it expressly finds there are extenuating circumstances affecting the prosecution's ability to determine the proposed amount of restitution. *Id.* at ¶¶ 31, 40; *see also People v. Martinez Rubier*, 2024 COA 67, ¶ 40.

¶ 25    Here, before the statutory ninety-one days expired, the prosecution requested an extension until May 30 to file its restitution figures, asserting that extenuating circumstances justified the extension because one of the victims was still receiving medical treatment. On March 14, the court entered an order finding extenuating circumstances for the prosecution's late filing and gave it until April 30 to file the restitution documents.

¶ 26    Then, prior to the expiration of the April 30 deadline, the prosecution requested a second extension, and the court again found extenuating circumstances and extended the prosecution's deadline until June 9. The prosecution met that deadline by filing

14

its request seeking $3,939.20 in restitution on June 8. Thus, the prosecution satisfied section 18-1.3-603(2)(a)'s requirement to provide information regarding the amount of restitution within that extended period based on extenuating circumstances. *See Weeks*, ¶ 31.

¶ 27 We aren't persuaded that the prosecution's request on June 8 for an additional amount of time to supplement that figure and the court's failure to rule on it before its June 9 deadline affected the court's authority to enter the restitution order. Section 18-1.3-603(3)(a) allows an order of restitution to be increased if additional losses not known at the time the order of restitution was entered are later discovered and the court has not set the final restitution amount.

¶ 28 Further, neither *Weeks* nor the statute require the court to make continuing findings of extenuating circumstances for the prosecution to file its restitution information after the initial finding extending the timeline for filing beyond the first ninety-one-day period after sentencing. Section 18-1.3-603(2)(a) provides only that the court may extend "*this* date" upon a finding of extenuating circumstances. (Emphasis added.) The date referenced in that

sentence refers to the initial ninety-one-day deadline mentioned in the preceding sentence that states "the prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety-one days." § 18-1.3-603(2)(a).

¶ 29 Thus, when the trial court found, in its April 29 order, that extenuating circumstances existed to extend the prosecution's deadline until June 9, it complied with both the statute and *Weeks*. *Weeks*, ¶ 6. And the prosecution complied with that deadline when it filed its restitution request on June 8. Therefore, the court retained authority to enter further orders regarding the restitution proceedings.

¶ 30 Although the prosecution later filed an amended restitution request, it nevertheless complied with the court's scheduling order that required the amended restitution amount be submitted by September 8, and that filing constituted a valid request pursuant to section 18-1.3-603(3)(a) for an additional amount not previously known. Thus, we perceive no error in the court accepting the prosecution's amended restitution request. *See id.*

## V. Disposition

¶ 31 We affirm the trial court's restitution order.

16

JUDGE BROWN and JUDGE MOULTRIE concur.