24CA0794 Peo v Thompson 04-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0794
City and County of Denver District Court No. 19CR3561
Honorable Kandace C. Gerdes, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kalvin J. Thompson,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE MEIRINK
Dunn and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

---

Philip J. Weiser, Attorney General, Jacob R. Lofgran, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lucy H. Deakins, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1       Defendant, Kalvin J. Thompson, appeals the district court's order denying his Crim. P. 35(a) motion challenging the restitution component of his sentence. We affirm.

## I.       Background

¶ 2       A jury found Thompson guilty of first degree murder. Before sentencing, the prosecution submitted a request for restitution in the amount of $10,873.28.

¶ 3       At the June 14, 2021, sentencing hearing, the district court asked Thompson if he objected to the restitution request. Defense counsel asked for "a brief period of time to discuss that matter with Mr. Thompson and file an appropriate response if necessary." The court granted Thompson twenty-one days within which to file an objection or "[o]therwise . . . restitution in the amount of $10,873.28 will be ordered."

¶ 4       The district court sentenced Thompson to life in prison without the possibility of parole and issued a mittimus, which did not address restitution. The minute order of the sentencing hearing states that "DEF HAS 21 DAYS TO OBJECT TO RESTITUTION OF 10873.28."

¶ 5 On June 29, 2021, Thompson filed an objection to the amount of the requested restitution and asked for a hearing. Following an August 13, 2021, hearing, the district court granted the full amount of the requested restitution. The court issued an amended mittimus reflecting this restitution order.

¶ 6 Thereafter, Thompson filed a Crim. P. 35(a) motion to correct an illegal sentence, arguing that the district court lacked jurisdiction to impose restitution at the time it did so. He asserted that the mittimus controlled over the court's oral pronouncement at sentencing and that the original mittimus did not contain the order that is statutorily required to extend a court's jurisdiction to impose restitution beyond the sentencing hearing The district court denied the motion without a hearing.

## II. Legal Authority and Standard of Review

¶ 7 The restitution statute requires every order of conviction to include one of four types of restitution orders. § 18-1.3-603(1), C.R.S. 2024; *People v. Weeks*, 2021 CO 75, ¶ 3. As relevant here, section 18-1.3-603(1)(b) requires an order of conviction to include "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within

the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined."

¶ 8      In *Sanoff v. People*, 187 P.3d 576 (Colo. 2008), the supreme court concluded that, in enacting section 18-1.3-603(1)(b), "the General Assembly has made clear its intent that the amount of the defendant's [restitution] liability no longer be a required component of a final judgment of conviction" and that "an order of conviction need only include a determination whether the defendant is obligated to pay restitution, without designation of the amount." *Id.* at 578. Accordingly, the court recognized that section 18-1.3-603(1)(b) creates two separate, final, appealable orders: a sentencing order assigning liability for restitution but reserving the determination of the amount, and a subsequent order setting the amount of restitution for which a defendant is liable. *Id.* at 578-79; *see also Weeks*, ¶ 30 n.9; *People v. Tennyson*, 2023 COA 2, ¶¶ 17, 20-23 (*cert. granted* Sept. 11, 2023).

¶ 9      "[W]hen [a] district court order[s] [a] defendant liable to pay restitution, the restitution component of the defendant's sentence [i]s satisfied" and "[the] sentence, and therefore [the] judgment of

conviction, bec[o]me[s] a final, appealable order upon issuance of the mittimus." *Sanoff*, 187 P.3d at 579; *see also* Crim. P. 32(b)(3)(I); *Meza v. People*, 2018 CO 23, ¶¶ 13-15. And "[the] subsequent determination of the amount of restitution owed by a defendant, as distinguished from an order simply finding [the defendant] liable to pay restitution, has been severed from the meaning of the term 'sentence,' as contemplated by Crim. P. 32, and therefore from [the] judgment of conviction." *Sanoff*, 187 P.3d at 578.

¶ 10    Because an order of restitution is a component of a defendant's sentence and the judgment of conviction, a court's failure to enter a restitution order at sentencing creates an illegal sentence. *Tennyson*, ¶ 31. "An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature." *People v. Jenkins*, 2013 COA 76, ¶ 11. A court may "correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time." Crim. P. 35(a).

¶ 11    A court's failure to comply with section 18-1.3-603(1)(b) when entering an order setting the amount of restitution creates a sentence that was imposed in an illegal manner. *Tennyson*, ¶¶ 2,

4

33. A court may correct a sentence imposed in an illegal manner within 126 days from, as relevant here, the issuance of the mandate from a direct appeal. Crim. P. 35(a); *People v. McDonald*, 2023 COA 23, ¶ 31, *aff'd*, 2024 CO 75.

### III.    Analysis

¶ 12    On appeal, Thompson contends that the district court reserved the determination of the restitution amount, but it did not enter a section 18-1.3-603(1)(b) order assigning restitution liability either orally at the sentencing hearing or in writing on the original mittimus. Therefore, the court was divested of jurisdiction or authority to enter a restitution order after sentencing. We are not persuaded.

¶ 13    Initially, we reject Thompson's assertion that the mittimus controls over the court's oral pronouncement at sentencing. *See Tennyson*, ¶ 37 (a court's oral pronouncement of sentence takes precedence over the mittimus); *People v. Wiseman*, 2017 COA 49M, ¶ 52; *People v. Rockne*, 2012 COA 198, ¶ 23, *overruled on other grounds by Weeks*, ¶ 47 n.16.

¶ 14    We are satisfied that the district court's oral finding that "restitution in the amount of $10,873.28 w[ould] be ordered" if

5

defense counsel did not object within twenty-one days, although not explicit, reflected a consideration of restitution, an assignment of restitution liability to Thompson, and a reservation of only the restitution amount. *See Tennyson,* ¶ 37 (The district court's grant at sentencing of ninety days for the prosecution "to determine what restitution is due and owing" and thirty days for the defendant to challenge "the figure" was sufficient to show "that the court considered and ordered that [the defendant] was liable to pay restitution and the court reserved only the determination of the restitution amount."); *see also Weeks,* ¶ 7 n.4 (In applying the restitution statute, "talismanic incantations are [not] necessary," and "substance controls over form.").

¶ 15    Our conclusion that the district court assigned restitution liability at sentencing and reserved only the determination of the restitution amount is supported by defense counsel's subsequent request for the court to find that Thompson was indigent and to consequently waive court costs and fees so that "if restitution is in fact granted in this case[] *in that significant sum*[,] . . . the moneys that are able to be paid from Mr. Thompson while he serves a

6

sentence in the Department of Corrections go towards restitution as opposed to other ancillary court costs and fees." (Emphasis added).

¶ 16    Accordingly, because the district court entered an order assigning restitution liability at sentencing and entered an order setting a restitution amount within ninety-one days thereafter, we conclude that Thompson's sentence was not illegal and that the restitution component of his sentence was not imposed in an illegal manner.[1]

## IV.    Disposition

¶ 17    The order is affirmed.

JUDGE DUNN and JUDGE TOW concur.

---

[1] Even if the district court did not expressly impose restitution liability at the sentencing or in the mittimus, it does not matter because the court corrected the error in the amended mittimus.