23CA1495 Peo v Schreiner 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1495
Boulder County District Court No. 21CR1698
Honorable Patrick Butler, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Devan Rebecca Schreiner,

Defendant-Appellant.

---

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Stephen Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Devan Rebecca Schreiner, appeals the district court's order imposing restitution. We conclude that the order must be vacated and the case must be remanded for the court to enter an order reflecting that Schreiner owes no restitution.

## I.     Background

¶ 2     On March 7, 2023, a jury convicted Schreiner of first degree murder. The court proceeded to immediate sentencing and imposed a sentence of life in prison without the possibility of parole.

¶ 3     On March 24, 2023, the prosecution filed a "Motion for Reservation of Restitution and Court to Make a Finding and Order of Restitut[io]n." The prosecutor noted that Schreiner's sentence was not final because restitution had not been mentioned by either party or the court at sentencing and the court had not made a finding or order regarding restitution. He represented that the Crime Victim Compensation Board (CVCB) had incurred a pecuniary loss for funeral expenses and asked the court to correct the mittimus to reflect a restitution award to the CVCB. The motion did not indicate a requested amount of restitution.

¶ 4     On March 27, 2023, the district court issued an order granting the motion, stating, "The Court finds good cause for determining

1

the restitution longer than 91 days after sentencing. Any motion for restitution shall be filed within 91 days of this Order. Any objection shall be filed within 14 days of any Motion." That day, the prosecution submitted a request for the court to order Schreiner to pay restitution in the amount of $8,806.31 to the CVCB. The prosecution did not specify what losses supported this requested amount.

¶ 5 On March 29, 2023, Schreiner filed an objection to the restitution request, arguing that the prosecution had not established the amount of the requested losses or that she was liable for the losses. The court ordered the parties to schedule a hearing on restitution and found that good cause existed to set the hearing more than ninety-one days after sentencing.

¶ 6 On July 13, 2023 — 128 days after sentencing — the court held a restitution hearing. The prosecution amended its requested restitution amount to $7,806.31 and stated that the amount was based on $1,020 in mental health counseling costs and $6,781.31 for funeral and burial expenses. Defense counsel argued that the prosecution failed to present sufficient documentation to justify the

2

restitution request. The court rejected counsel's argument and ordered Schreiner to pay $7,806.31 in restitution.

## II. Analysis

¶ 7 On appeal, Schreiner contends that the restitution order must be vacated because the district court failed to comply with its statutory obligation to enter a restitution order at sentencing. We agree.

¶ 8 Every order of conviction must include one of the four types of orders set forth in the restitution statute. *People v. Weeks*, 2021 CO 75, ¶ 3. At the time Schreiner was sentenced, section 18-1.3-603(1), C.R.S. 2023, required that every order of felony conviction include one of the following orders:

> (a) An order of a specific amount of restitution be paid by the defendant;
>
> (b) An order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined;
>
> (c) An order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual

3

> costs of specific future treatment of any victim of the crime; or
>
> (d) [An order containing] a specific finding that no victim of the crime suffered a pecuniary loss and therefore no order for the payment of restitution is being entered.

"[A] sentence that fails to include one or more of the four enumerated restitution orders in subsection (1) is a sentence not authorized by law (i.e., an illegal sentence) that may be corrected at any time." *Snow v. People*, 2025 CO 32, ¶ 21.

¶ 9 In *Snow*, the sentencing court deferred the issue of restitution in its entirety for sixty days and then entered a restitution order 108 days after sentencing. *Id.* at ¶¶ 2, 7-8. The supreme court concluded that, because deferring restitution in its entirety is not one of the restitution orders authorized by section 18-1.3-603(1), the defendant's sentence was not authorized by law. *Snow*, ¶¶ 2, 22-23, 27. And, as a remedy, the supreme court determined that the restitution order must be vacated and the case must be returned to the district court with instructions to enter an order pursuant to section 18-1.3-603(1)(d) that the defendant owes no restitution. *Snow*, ¶¶ 3-5, 30-38.

¶ 10    The Attorney General argues that *Snow* is distinguishable from this case because (1) the district court's March 27 order was a subsection (1)(b) order that corrected the illegality caused by the court's failure to address restitution at sentencing; and (2) the March 27 order was timely filed within ninety-one days of sentencing as permitted by subsection (1)(b).

¶ 11    Initially, we are not convinced that the March 27 order can be read as constituting a subsection (1)(b) order.  The order made no mention of Schreiner's liability for restitution and instructed the prosecution to file "[a]ny motion for restitution."  Thus, the March 27 order is more akin to an order deferring restitution in its entirety.

¶ 12    Nevertheless, even if the March 27 order could be considered a subsection (1)(b) order, we reject the Attorney General's assertion that the entry of that order within ninety-one days of sentencing cured the court's failure to enter a restitution order authorized by subsection (1) at sentencing.  *See id.* at ¶ 27 ("[T]he subsection (1)(b) deadline is inapposite here because the district court never entered a subsection (1)(b) order.  Rather, at sentencing, the court

5

merely reserved the issue of restitution in its entirety, an order not authorized by subsection (1).").

¶ 13 Subsection (1)(b) creates two separate, final, appealable orders: a preliminary sentencing order assigning liability for restitution but reserving the court's determination of the amount, and a subsequent order setting the amount of restitution for which a defendant is liable. *Tennyson v. People*, 2025 CO 31, ¶¶ 41-43; *Weeks*, ¶¶ 4, 30; *Sanoff v. People*, 187 P.3d 576, 578-79 (Colo. 2008). The former order is a component of a defendant's sentence; the latter is not. *Tennyson*, ¶¶ 6-7, 39-43; *Sanoff*, 187 P.3d at 578-79.

¶ 14 Subsection (1)(b)'s ninety-one-day time period applies to the order determining the restitution amount. *Weeks*, ¶¶ 4-5, 39. The Attorney General has not presented, nor have we found, any authority that would support a conclusion that the preliminary order assigning restitution liability can also be entered within that ninety-one-day timeframe. *See Snow*, ¶¶ 27-29 (concluding that subsection (1)(b) did not authorize the post-sentencing imposition of restitution because "the record of the district court proceedings is barren of an explicit or implicit finding of restitution liability *either*

6

*before or during the sentencing hearing*" that would provide a "basis for [the supreme court] to infer that the only issue the district court deferred until after the sentencing hearing was the determination of the amount of restitution" (emphasis added)); *cf. id.* at ¶ 33 ("Allowing trial courts to correct their failure to adhere to [subsection (1)'s] requirement [that, at sentencing, the court must enter one or more of the four enumerated restitution orders] by simply entering a subsection (1)(a) order at any time would make the requirement pointless.").

¶ 15    To the contrary, "subsection (1)(b) . . . orders must enter before or during the sentencing hearing." *Id.* at ¶ 34 n.11. And the entry of such order after sentencing would be untimely. *Cf. id.* at ¶ 34 ("[O]rders under subsection (1)(a) must enter *at or before the sentencing hearing*"; thus, "subsection (1)(a) orders entered after the sentencing hearing are necessarily untimely.").

¶ 16    Consistent with *Snow,* the district court's failure to enter an order authorized by subsection (1) at sentencing must be remedied by vacating the untimely July 13 restitution order and remanding the case for entry of a subsection (1)(d) order that Schreiner owes no restitution. *See id.* at ¶ 38 n.12 (recognizing that a subsection

7

(1)(d) order would also be untimely but holding that "courts must have a way to correct an illegal sentence like the one imposed on [the defendant]" and "a subsection (1)(d) order is the only restitution order in the statutory list that does that without violating our General Assembly's intent in revising our restitution paradigm").

¶ 17    Because we are vacating the restitution order on the above ground, we need not address Schreiner's other claim that the order should be vacated because the prosecution failed to comply with its obligations under section 18-1.3-603(2)(a).

### III.    Disposition

¶ 18    The restitution order is vacated, and the case is remanded for correction of the mittimus to reflect that Schreiner owes no restitution.

JUDGE JOHNSON and JUDGE GOMEZ concur.